ABRAM & MEELL, P.A.
ATTORNEYS AT LAW
2020 NORTH CENTRAL AVENUE, SUITE 690
PHOENIX, ARIZONA 85004
(602) 254-7041
Gregory J. Meell, State Bar No. 012526
gmeell@abrammeell.com
Attorneys for Plaintiff
Gregory J. Meell, State Bar No. 012526

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| FLP, LLC<br>Plaintiff,<br>vs.<br>KIMBERLY WOLF<br>Defendant | No.<br>**COMPLAINT AND APPLICATION FOR PRELIMINARY INJUNCTION (LANHAM TRADEMARK ACT, §43(a), 15 U.S.C. § 1125(a); TORT; INJUNCTIVE RELIEF)** |

Plaintiff, FLP, LLC by and through their attorneys, Abram & Meell, P.A., for their Complaint against Defendant hereby alleges as follows:

## I. JURISDICTION

### A. The Parties

1. Plaintiff FLP, LLC (hereafter "FLP") is a corporation duly organized under the laws of the State of Arizona.

2. Defendant Kimberly Wolf (hereafter "Wolf") is a resident of the State of Illinois with her principle place of business located at 765 N. Rt. 83, Suite 119 Bensenville, Illinois 60106.

**B. Venue and Locus of Acts**

1. This Court has jurisdiction as this is a civil action arising under the trademark laws of the United States, 15 U.S.C. §§1051-1127, such jurisdiction being expressly conferred by 15 U.S.C. §1121 and 28 U.S.C. §1338(a) and (b).

2. The the effects of the acts and events complained of herein were committed and continued to be committed in whole, or in part, within the State of Arizona, County of Maricopa.

3. Witnesses regarding the claims herein are located in this forum.

4. This forum is familiar with governing law.

5. The necessary records can be produced in Arizona.

6. The interest of the Arizona business community and the public policy of the State will be satisfied by a fair determination of the property rights of its corporate citizens in the business dispute in this forum.

7. There are no administrative difficulties that would result from this forum exercising jurisdiction here.

8. Wolf has, in many different capacities, conducted extensive business in Arizona over many years and has repeatedly personally traveled to Arizona in order to engage in that business here all within the products and industry that are involved in this matter.

9. The public policies of this forum would be protected by trial being conducted in this forum.

## II. GENERAL ALLEGATIONS

1. FLP is engaged in the business of selling to retail sellers a variety of household goods among a number of names and trademarks including but not limited to the "Live It" and "Livit" names and trademarks.

2. FLP's product line under these Marks is the result of the formidable goodwill and excellent reputation developed by FLP. These Marks have come to be recognized around the world by the consuming public as being associated with fine household products

3. On September 29, 2015 FLP applied to the United States Patent and Trademark Office (hereafter "the USPTO") for a trademark regarding for the Standard Character Mark "Live It".

4. On November 10, 2015 2015 FLP applied to the USPTO for a trademark regarding the Standard Character Mark "Livit".

5. FLP has been using the these two Marks for some time in connection with household products as more specifically described in the USPTO application summaries.

6. FLP has expended substantial time, money and effort to promote and advertise its goods and services under these marks.

7. As a result, FLP has gained substantial goodwill and consumer recognition in these Marks and the mark is famous.

8. These Marks have come to be recognized around the world by the consuming public as being associated with fine household products.

9. FLP has considerable profits to expect due to the sale of these products under these Marks due to FLP's own energies, abilities, and business goodwill in being competitively identified with high quality household products.

10. FLP has spent significant resources over the years in establishing and maintaining the business goodwill associated with the these Marks and has spent comparative sums in promoting that goodwill FLP has developed, and now owns, a most valuable goodwill symbolized by the license of their "Live It" and "Livit" name and trademark.

11. FLP'S "Live It" and "Livit" products are regularly sold in retail stores and advertised through advertisements in public periodicals and digital media.

12. These advertisements are intended for the benefit of FLP and its wholesale customers in consideration for the wholesale customer's use of the "Live It" and "Livit" name and trademark.

13. Through the use of the above referenced advertising FLP's wholesale customers solicit sales of the "Live It" and "Livit" goods on an interstate basis.

14. Wolf has advertised their business as offering wholesale sales of household products under "Live It" and "Livit" name and trademark.

15. This has caused confusing and misleading representations to the effect that Wolf is somehow affiliated with the "Live It" and "Livit" names and trademarks.

16. FLP is informed and believes and therefore alleges, that Wolf considers itself to be in competition with Plaintiff in the pursuit of profits derived from the sale of household goods to retail sellers.

17. In order to advance Wolf competition with the Plaintiffs, Wolf have unfairly, illegally, and unethically engaged in practices and patterns of behavior, specifically the use of the confusing "Liv It" and "Live IT" name, reflecting willful, wanton and callous disregard for the rights, and business privileges of FLP.

18. FLP has been injured by Wolf's sale of products under the name "Live It" and "Livit" and advertising thereof, through which they confuse Wolf's business product with that of FLP, such injury being reflected in the unlawful lessening of the competition between FLP and Wolf, to the benefit of Wolf, and to the detriment of FLP and the public in general.

19. The public has been unlawfully deceived and/or confused by Wolf's use, and advertisement, of the "Live It" and "Livit" names and trademarks in connection with Wolf' goods and services.

20. The public has been prevented from fairly judging between competitors due to Wolf's dissemination and use of Wolf's misleading and confusing business name of "Live It" and "Livit" names and trademarks.

21. This wrongful conduct by Wolf has resulted in the unlawful interference with the prospective business advantage of FLP. Wolf's conduct as described above, violates §43 of the Lanham Act (15 U.S.C. §1125(a)).

22. FLP has been damaged by lost profit and a reduced prospective business advantages.

## III. FIRST CLAIM FOR RELIEF / VIOLATION OF THE FEDERAL LANHAM TRADEMARK ACT § 43, 15 U.S.C. § 1125(A) PROVIDING PROTECTION FROM FALSE ADVERTISING AND MISREPRESENTATIONS OF PRODUCTS AND SERVICES IN INTERSTATE COMMERCE

### A. Claim for Violation of Lanham Act

1. FLP incorporates by this reference each and every allegation set forth in Sections I and II above as though fully set forth herein.

2. Wolf has been informed in writing that the operation of Wolf's business, and the advertising of its goods as described above was and continues to be confusing and/or deceptive.

3. The confusing and/or deceptive practices by Wolf misrepresented the affiliation of the goods and services offered by Wolf.

4. This wrongful conduct was, and is, evidenced by Wolf engaging in the practices and patterns of behavior described above.

5. This activity by Wolf has resulted in Wolf violating §43 of the Lanham Act (15 U.S.C. §1125(a)).

6. As a direct and proximate result of Wolf' engaging in the practices and patterns of behavior described in this Complaint, and thereby violating §43 of the Lanham Act (15 U.S.C. §1125), the following effects have and will continue to occur:

(a) FLP has been, and will continue to be, damages, such damage being reflected by lost profit and a reduced prospective business advantages;

(b) FLP has been, and will continue to be, injured by Wolf sale of good and advertising thereof, under the confusing business name of Liv It and Live It through which they confuse their business product with that of FLP, such injury being reflected in the unlawful lessening of the competition between FLP and Wolf, to the benefit of Wolf, and to the detriment of FLP and the public in general;

(c) The public has been, and will continue to be, unlawfully deceived and/or confused by Wolf use, and advertisement, of the "Liv It" and "Live IT" in connection with Wolf' goods and services;

(d) The public has been, and will continue to be, prevented from fairly judging between competitors because of Wolf' dissemination, and use, of their misleading and confusing product line name of "Liv It" and "Live IT".

7. As a result of Wolf' conduct as is more particularly described in this Complaint, FLP has suffered and incurred loss in damages in an amount not yet fully determined, but, upon information and belief, not less than $200,000.00.

8. FLP will ask leave of this Court to amend this claim upon determination of the exact amount of their losses and damages.

9. As a result of the acts of Wolf described in this Complaint, FLP is entitled to recover, and Wolf is required to pay, the full cost of this claim, including a reasonable fee for the services of FLP's attorneys.

10. Wolf's acts and conduct described in this Complaint describe a willful, wanton, and reckless disregard of the rights of FLP, and were and continue to be injurious to FLP's name, trademark, business, and contractual relations. By virtue of Wolf's acts

and conduct described in this Complaint, FLPs are entitled to recover exemplary and punitive damages in an amount not less than $200,000.00.

11. FLPs has no adequate or speedy remedy at law to prohibit the continued acts and conduct of Wolf and that FLPs will suffer irreparable and immediate injury if Wolf are not enjoined and restrained from their continuation of such acts and conducts.

12. The remedies for trademark infringement under the Lanham Act are statutory and consist of: injunctive relief; an accounting for profits (lost profits and/or the infringer's profits); damages, including the possibility of treble damages when appropriate; attorney's fees in "exceptional (willful) cases"; and costs. See 15 U.S.C. § 1117.

13. These remedies are cumulative, meaning that a successful plaintiff may recover the defendant's profits in addition to any damages, or other remedies awarded. So in the event of litigation FLP would be entitled to recover, and Wolf would be required to pay, the full cost of litigation, including a reasonable fee for the services of FLP's attorneys.

**B. Prayer For Relief from Violation of Lanham Act**

Based upon the foregoing FLP prays for judgment against Wolf as follows:

1. For an Order to Show Cause directing Wolf to appear at a hearing at which the Court will review the evidence in support of FLP's first claim for relief;

2. If by such evidence FLP establishes the probable validity of their claim, AN Order that Wolf is preliminarily enjoined from the false and confusing use and/or advertising of their goods and services under the "Liv It" and "Live IT" business name either alone or in comparison with the goods and services of FLP.

3. That Wolf, and each of their agents, employees, successors and/or assigns, and any and all other persons acting for, under or through Wolf, be perpetually enjoined

and restrained from directly or indirectly continuing, renewing or maintaining the violations described in this Complaint.

4. That the Court award judgment in favor of FLP and against Wolf in an amount not less than $200,000.00 for losses and damages FLP has suffered arising out of the conduct described in this Complaint. FLP has not yet determined the precise dollar amount of such damage, and upon such determination through discovery, FLPs will seek leave of this Court to amend their Complaint in order to reference such an amount.

5. That this Court award FLP exemplary and punitive damages in an amount not less than $200,000.00 arising from the willful, wanton, and reckless conduct of Wolf, in total disregard of the rights of FLP, as more particularly described in this Complaint.

6. That this Court award, and Wolf be obligated and required to pay, the full cost of this lawsuit, including as part thereof, a reasonable fee for the services of FLP's attorneys.

7. That this Court order such other and further relief as the Court may deem just and proper.

8. That this Court retain jurisdiction for the purposes of enabling FLPs to apply to this Court at any future time for any further orders and directions as may be necessary and proper for the construction and/or carrying out of any and all orders granted by this Court for the enforcement or compliance therewith and the punishment of any and all violations of such orders.

## IV. SECOND CLAIM FOR RELIEF / INJURIOUS FALSEHOOD

### A. Claim for Injurious Falsehood

1. FLP incorporates by this reference each and every one of the allegations set forth Sections I, II, and III above as though fully set forth herein.

2. The injurious falsehoods committed by Wolf are evidenced by Wolf engaging in the following practices and patterns of behavior:

(a) The communications to third persons of false and misleading services of Wolf are somehow affiliated with the business goodwill and reputation associated with FLP.

(b) This has resulted in both misrepresentations of the nature, characteristics and qualities of the goods and services of Wolf and/or similar misrepresentations as to the nature, characteristics and qualities of the goods and services licensed by FLP. All of this was conducted by means of advertising by Wolf which was then, and continues to be, false and deceptive;

(c) These representations were then known by Wolf, or should have been known to be false and likely to deceive third persons to whom they were communicated.

3. As a direct and proximate result of Wolf engaging in the practices described in this Complaint and the related patterns of behavior, the following effects have occurred and will continue to occur:

(a) The publication of confusing advertisements and other communication which will confuse the services of Wolf with those affiliated with FLP's business;

(b) The publication of confusing advertisements and other communications will wrongfully prevent others from dealing with those businesses affiliated with FLP;

(c) The publication of the confusing advertisements and other communications materially and substantially serve to wrongfully induce, and continue to induce, others not to deal with those businesses affiliated with FLP's services;

(d) FLP has been, and will continue to be, damages as reflected by loss profits, terminated contractual relationships, and reduced prospective business advantage if FLP's name and trademark right continue to be infringed upon;

(e) FLP has been, and will continue to be, injured by the confusing advertisements and other confusing communication and their competitive goodwill as established by their "World Gym" name and trademark will be unlawfully lessened;

(f) The public will be prevented from fairly judging between competitors because of Wolf' dissemination of confusing and deceptive descriptions and information through advertisements, including a misrepresentative impression of Wolf' goods and services and a related disparagement of FLP's goods and services;

(g) FLP has suffered, and will continue to suffer, special damage, such as special damage being reflected through the determination of existing contractual relations involving FLP, its licensees, and/or FLP's licensees, and its customers, by FLPs incurring expenses to counteract Wolf' confusing communications, by economic damage suffered by FLP, and by the loss of perspective business advantages.

4. As a result of Wolf' conduct as is more particularly described herein, FLP has suffered and incurred losses and damages in an amount not yet fully determined, but, upon information and belief, not less than $50,000.00 and FLP will ask leave of Court to amend this claim upon determination of the exact amount of their losses and damages.

5. As a result of the aforementioned conduct of Wolf, FLP is entitled to recover and Wolf should be required to pay the full cost of this claim, including as part thereof, a reasonable fee for the service of FLP's attorneys.\

6. As a result of Wolf' conduct, Wolf are subject to the imposition of exemplary and punitive damages arising from the willful, wanton, and reckless conduct, in total disregards of the rights of FLP, as more particularly described herein, in an amount not less than $150,000.00.

7. FLP has no adequate or speedy remedy at law to prohibit the continued acts and conduct of Wolf and FLPs will suffer irreparable and immediate injury if Wolf are not enjoined and restrained from the continuation of such acts and conduct.

**B. Prayer For Relief from Injurious Falsehood**

**WHEREFORE**, FLP prays for judgment against Wolf as follows:

1. For an order of this Court enjoining Wolf and any person acting at the insistence of, or upon, their behalf, from each of the acts and events specifically described in FLP's Second Claim for Relief, in accord with the jurisdiction of this Court.

2. For an Order to Show Cause directing Wolf to appear at a hearing at which the Court will review the evidence in support of FLP's Second Claim for Relief.

3. If by such evidence FLP establishes the probable validity of their claim, an Order of the court requiring Wolf to refrain from the advertising practices and business name uses described herein.

4. For an order of this Court to the effect that Wolf, and each of their agents, employees, successors, and assigns, and any and all other persons acting for, under or through Wolf, be perpetually enjoined and restrained from directly or indirectly continuing, renewing or maintaining the violations described in this Complaint.

5. That this Court award Judgment in favor of FLP and against Wolf for all losses and damages, actual and special, that FLP has suffered, but in an amount of not less than $200,000.00.

6. That this court award FLP exemplary and punitive damages arising from the willful, wanton and reckless conduct of Wolf, in total disregard for the rights of FLP, as more particularly described in this Complaint, in an amount not less than $200,000.00.

7. That this Court award and Wolf be obligated and required to pay, the full cost of this lawsuit, including as part thereof a reasonable fee for the services of FLP's attorneys.

8. That this Court order such other and further relief as the Court deems just and proper.

9. That this Court retain jurisdiction for the purposes of enabling FLP to apply to this Court at any future time for any further orders and directions as may be necessary and proper for the construction and/or carrying out of any and all orders granted by this Court for the enforcement or compliance therewith and the punishment of any and all violations of such orders.

## V. Third Claim For Relief / Interference With Prospective Advantage

### A. Claim for Interference with Prospective Advantage

1. FLP incorporates by this reference each and every one of the allegations of Paragraphs I through IV above as if fully set forth herein.

2. Wolf' interference with prospective advantage of FLP is evidenced by Wolf engaging in the following patters of behavior:

a. Wolf' false and deceptive advertising;

b. Confusion of goods and services with those of FLP;

c. Disparagement; and

d. Efforts to interfere with and/or induce away existing and/or potential contracting third parties and customers of FLP and his licensees.

3. All of the above described practices and patterns of behavior have been, and will continue to be, negligently or illegitimately intended to interfere with the prospective advantage of FLP.

4. As a direct and proximate result of Wolf engaging in the herein-described practices and patters of behavior, the following effects have and will continue to occur:

a. As a result of Wolf' negligent and illegitimate behavior, as more particularly described herein, FLP has been, and will continue to be, unlawfully prevented from obtaining a prospective pecuniary advantage;

b. FLP has suffered, and will continue to suffer, a diversion of potential customers and contractual relations with third parties by the unfair and unreasonable means employed by Wolf, as more particularly described herein, injuring the public and FLP;

c. The publication of the confusing and/or misrepresentative advertisements, and other communications will be derogatory to FLP's business by confusing it with that of Wolf;

d. The publication of false and/or confusing advertisements and additional similar communications by Wolf will prevent others from dealing with FLP

e. The publication of false and/or confusing advertisements and other communications may materially and substantially serve to induce and continue to induce others not to deal with FLP;

f. FLP has been, and will continue to be, damaged, such damages being suffered by lost profits, terminated contractual relationships and reduced prospective business advantages;

g. FLP has been, and will continue to be, injured by false and confusing advertising and other false and confusing communications and their competition with Wolf and others will be unlawfully lessened;

h. The public will be prevented from fairly judging between competitors because of Wolf' dissemination of false and deceptive descriptions and information through advertisements;

i. FLP has suffered, and will continue to suffer, special damage, such special damage reflected through FLP incurring expenses to counteract Wolf' confusions and disparagements, by economic damage suffered by FLP, and by the loss of prospective business advantages.

5. As a result of Wolf' conduct as more particularly described herein, FLP has suffered and incurred, and will continue to suffer and incur, losses and damages in amounts not yet fully determined, but upon information and belief not less than $50,000.00, and FLP will ask leave of Court to amend this claim upon determination of the exact amount of their losses and damages.

6. Wolf is subject to the imposition of exemplary and punitive damages arising from their willful, wanton and reckless conduct carried out in total disregard of the rights of FLP, as more particularly described herein in an amount not less than $150,000.00.

7. As a result of the aforementioned bad faith conduct of Wolf, FLP is entitled to recover and Wolf should be required to pay the full costs of this claim, including as a part thereof a reasonable fee for the services of FLP's attorneys.

8. FLP has no adequate or speedy remedy at law to prohibit the continued acts and conduct of Wolf and FLP will suffer irreparable and immediate injury if Wolf are not enjoined from the continuation of such acts and conduct.

B. **Prayer For Relief from Interference with Prospective Advantage**

**WHEREFORE,** FLP prays for Judgment against Wolf as follows:

1. For an Order of this Court enjoining Wolf and any person acting at the instance of, or upon their behalf, from each of the acts and events specifically described in FLP's Third Claim for Relief, in accordance with the jurisdiction of this Court.

2. For an Order to Show Cause directing Wolf, to appear at that hearing at which the Court will review the evidence in support of FLP's Third Claim for Relief, and if FLPs, by such evidence, establish the probable validity of their claim, for the Court to enter its Order requiring Wolf to refrain from false advertising practices of goods and services in interstate commerce.

3. That Wolf, and each of their corporate agents, employees, directors, successors and assigns, and any and all other persons acting for, under or through Wolf, be enjoined and restrained from directly or indirectly continuing, renewing or maintaining the violations herein described.

4. That the Court award Judgment in favor of FLP and against Wolf, for losses and damages, actual and special, FLP has suffered, but in an amount not less than $50,000.00.

5. That this Court award FLP exemplary and punitive damages arising from the willful, wanton and reckless conduct of Wolf, in total disregard of the rights of FLP, as more particularly described herein in an amount not less than $150,000.00.

6. That this Court award, and Wolf be obligated and required to pay the full cost of this lawsuit, including as part thereof, a reasonable fee for the services of FLP's attorneys.

7. That this Court Order such other and further relief as this Court might deem just and proper.

8. That this Court retain jurisdiction for the purpose of enabling FLP to apply to this Court at any future time for any further orders and directions as may be necessary and proper for the construction and/or carrying out of any and all orders granted by this

Court for the enforcement or compliance therewith and the punishment of any and all violations thereof.

DATED this 23rd day of Janury 2017.

ABRAM & MEELL, P.A.

By ______________________
Gregory J. Meell
201 North Central, Suite 2400
Phoenix, Arizona 85073
Attorneys For Plaintiff

**VERIFICATION**

STATE OF ARIZONA )
) ss.
County of Maricopa )

PAUL CROISDALE, being first duly sworn upon his oath, deposes and says that:

1. I am the President/CEO of the Plaintiff in this matter, FLP, LLC and am authorized to make this Verification for and on behalf of the Plaintiff.

2. I have read the foregoing Complaint and understand the content of the factual allegations;

3. I believe the contents of the factual allegations of the Complaint are true to the best of my knowledge and belief.

4. Pursuant to 28 USC §1746 I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on November 2, 2016.

PAUL CROISDALE