**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FLP, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Kimberly Wolf, an individual,<br><br>Defendant. | No. CV17-0214 PHX DGC<br>CV17-0773 PHX DGC<br>(Consolidated)<br><br>**ORDER** |

Defendant Kimberly Wolf moves to dismiss Plaintiff FLP, LLC's second and third claims, and part of Plaintiff's first claim pursuant to Rule 12(b)(6). Doc. 17. FLP opposes the motion and, in the alternative, requests leave to amend. Doc. 23. The motion is fully briefed (Docs. 23, 24) and neither party has requested oral argument. For reasons that follow, the Court will grant the motion and grant FLP leave to amend.

**I.     Background.**

For purposes of ruling on the motion, Plaintiff's factual allegations must be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). FLP is in the business of selling household goods to retail and wholesale customers under a variety of trademarked names, including "Live It" and "Livit" (collectively, the "Marks"). Doc. 1 at 2, 4. The Marks "have come to be recognized around the world by the consuming public as being associated with fine household products," and FLP has "considerable profits to expect due to the sale of" products containing the Marks. *Id.* at 3, ¶¶ 2, 9. Wolf, as owner and

manager of a competing company, Liv-IT! LLC, has advertised and sold wholesale household products containing the Marks. *Id.* at 4, ¶ 14. This has resulted in "confusing and misleading representations to the effect that Wolf is somehow affiliated" with the Marks. *Id.* ¶ 15. Wolf's use of the Marks allegedly constitutes "willful, wanton and callous disregard" of FLP's rights. *Id.* ¶ 17. Wolf's conduct has resulted in harm to the public and harm to FLP in the form of lessened competition between FLP and Wolf, lost profits, and "reduced prospective business advantages." *Id.* at 4-5, ¶¶ 18, 22.[1]

Based on these allegations, FLP asserts three claims against Wolf: violation of the Lanham Act, injurious falsehood, and interference with prospective advantage. *Id.* at 5-16. Wolf moves to dismiss the injurious falsehood and interference claims and the request for punitive damages under the Lanham Act. Doc. 17.

## II. Legal Standard.

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

///

---

[1] The Court notes, for background purposes only, that the validity of FLP's registration of the Marks is being challenged in a consolidated case. *See Liv-IT! LLC v. FLP, LLC*, No. CV-17-00773-PHX-DGC.

**III. Analysis.**

**A. Exhibits Attached to Plaintiff's Response.**

FLP's response includes a number of factual exhibits intended to support its injurious falsehood and interference with prospective advantage claims. Doc. 23-1. Wolf objects to these exhibits. Doc. 24 at 11. The Court's focus in ruling on a motion to dismiss under Rule 12(b)(6) is on the face of the complaint. The Court will not consider these factual matters and convert the motion to one for summary judgment.

**B. Punitive Damages Under the Lanham Act.**

The complaint seeks "exemplary and punitive damages" under the Lanham Act. Doc. 1 at 8, ¶ 5. Citing *Duncan v. Stuetzle*, 76 F.3d 1480, 1490 (9th Cir. 1996), Wolf argues that punitive damages are not available under the Lanham Act. Doc. 17 at 14. FLP responds that its allegation refers to treble damages, which are available under 15 U.S.C. § 1117(b). Doc. 23 at 16. But that section applies to cases brought under § 1114(1)(a) or 36 U.S.C. § 220506. The complaint does not allege a violation of either of those sections. *See* Doc. 1 at 5 (alleging a violation of 15 U.S.C. § 1125(a)). To the extent the complaint requests punitive or treble damages for the alleged violation of 15 U.S.C. § 1125(a), it will be dismissed.

**C. Injurious Falsehood.**

A claim for injurious falsehood requires: (1) publication of a false statement harmful to another's interests, (2) intent or knowledge that the publication will result in harm, (3) knowledge that the statement is false or in reckless disregard of the truth, and (4) resulting pecuniary loss. Restatement (Second) of Torts § 623A; *Gee v. Pima Cty.*, 612 P.2d 1079, 1079 (Ariz. Ct. App. 1980). Wolf argues that FLP has not identified a specific statement that she made regarding FLP's products, when and to whom the statement was made, how the statement was false, or how Wolf knew it was false. Doc. 17 at 7-9.[2]

---

[2] Wolf also argues that FLP has not pled any pecuniary damage resulting from

FLP responds that the false statements are Wolf's use of the Marks accompanied by the trademark symbol "®", which Wolf allegedly placed on her company's products and used in its advertising. Doc. 23 at 3-4. FLP claims that Wolf's use of ® in connection with the Marks is equivalent to a statement by Wolf that her products were FLP products or that the two were "inseparable." *Id.* FLP argues that such a statement is false, and Wolf knew it was false. *Id.* Wolf's reply argues that FLP cannot assert this "® theory" for the first time in its response to a motion to dismiss. Doc. 24 at 2. But even if FLP had pled the ® theory in its complaint, FLP would fail to state a claim for injurious falsehood. FLP has not identified, and the Court has not found, any case recognizing that use of another's trademark constitutes a disparaging falsehood for purposes of the tort of injurious falsehood.

FLP cites *Western Technologies, Inc. v. Sverdrup & Parcel, Inc.*, 739 P.2d 1318 (Ariz. 1986), for the proposition that a defendant's placement of plaintiff's trademark on its products "constitute[s] product disparagement . . . as a matter of law" because it "broadcast[s] the message that" defendant's and plaintiff's products are the same. Doc. 23 at 4. But *Western Technologies* involved a far different set of facts. It concerned an engineering report prepared by the defendant for a stadium owner, in which the defendant stated that the plaintiff was to blame for structural damage to the stadium. *Id.* at 1319. The defendant's statements identified the plaintiff, criticized the plaintiff's work, and blamed the plaintiff for costly damages. *Id.* The Arizona Court of Appeals found these statements analogous to injurious falsehoods under Restatement § 623A. *Id.* at 1321. This case involves no comparable statements.

Plaintiff also cites *Southern Snow Manufacturing Co. v. Snow Wizard Holdings, Inc.*, 829 F. Supp. 2d 437 (E.D. La. 2011), for the proposition that a defendant's use of the trademark registration symbol in connection with a trademark registered to the

---

such a statement and that FLP has failed to satisfy Rule 9(b)'s particularity requirement. Doc. 17 at 8-10. The Court need not address these arguments because the Court finds that FLP has failed to state a claim under Rule 12(b)(6) for other reasons.

plaintiff is a misrepresentation about the plaintiff's product. Doc. 23 at 11. But *Southern Snow* concerned the viability of a Lanham Act false advertising claim based on use of the trademark symbol, not the tort of injurious falsehood. 829 F. Supp. 2d at 444.

The use of "Liv-IT! ®" on Wolf's products simply is not a statement about FLP or its products. Without any allegation of a false statement, FLP has failed to state a claim for injurious falsehood.[3]

### D. Tortious Interference.

A claim for tortious interference with business expectancy includes the following elements: (1) the existence of a valid contractual relationship or business expectancy, (2) the interferer's knowledge of the relationship or expectancy, (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy, and (4) resultant damage to the party whose relationship or expectancy has been disrupted. *Antwerp Diamond Exch. of Am., Inc. v. Better*, 637 P.2d 733, 740 (Ariz. 1981) (citations omitted). The interference must also be improper as to motive or means. *Hill v. Peterson*, 35 P.3d 417, 420 (Ariz. Ct. App. 2001). Wolf argues that FLP has not alleged a valid contractual relationship or business expectancy of which she had knowledge, or that she interfered with such a relationship. Doc. 17 at 11-13. Wolf also contends that FLP has not pled any resulting damage. *Id.* at 13.

The complaint alleges that Wolf's "false and deceptive advertising" was an effort to cause confusion between FLP's and Liv-IT! LLC's goods in order to "interfere with and/or induce away existing and/or potential contracting third parties and customers of FLP." Doc. 1 at 12-13. Not only does the complaint fail to identify a specific relationship or expectancy of which Wolf had knowledge, it also fails to allege that Wolf induced or caused a breach or termination of the relationship or expectancy. *Antwerp*, 637 P.2d at 740. The complaint is devoid of any facts indicating that an FLP customer or

---

[3] As explained below, the Court will grant FLP leave to amend. The Court notes, however, that if FLP plans to amend the injurious falsehood claim, it must identify a specific false statement made by Wolf and not rely on the theory presented in its response.

contracting third party actually breached its relationship with FLP or terminated an expected relationship with FLP. Thus, FLP has failed to state a claim for tortious interference.

### E. Leave to Amend.

FLP requests leave to amend under Rule 15(a). Doc. 23 at 17. As it appears possible that defects in the complaint can be cured through amendment, the Court will grant leave to amend. FLP is cautioned that the Court will not be inclined to permit further amendments if FLP again fails to state a claim.

**IT IS ORDERED**:

1. Defendant Wolf's motion to dismiss (Doc. 17) is **granted**.

2. Plaintiff FLP's request for leave to amend (Doc. 23 at 17) is **granted**. Plaintiff may file an amended complaint on or before **November 3, 2017**.

Dated this 19th day of October, 2017.

*David G. Campbell*
David G. Campbell
United States District Judge