**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FLP, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Kimberly Wolf, an individual,<br><br>Defendant. | No. CV17-00214 PHX DGC<br>CV17-00773 PHX DGC<br>(Consolidated)<br><br>**ORDER** |

Defendant Kimberly Wolf moves to dismiss the second and third claims in Plaintiff FLP, LLC's first amended complaint pursuant to Rule 12(b)(6). Doc. 41. The motion is fully briefed (Docs. 45, 46) and neither party has requested oral argument. For the reasons stated below, the Court will grant the motion in part and deny it in part.

**I.    Background.**

FLP is in the business of selling household goods to retail and wholesale consumers under a variety of trademarked names, including the "LIVIT" name and trademark (the "Mark"). Doc. 36 at 2. The Mark has consumer recognition, and many "thousands of products bearing the [Mark] have been sold in retail stores." *Id.* at 6. Wolf, as the owner and manager of a competing company, Liv-IT! LLC, has advertised and sold wholesale household products displaying the Mark with and without the ® trademark symbol. *Id.* at 4-5, 10. This has resulted in "confusing and misleading representations to the effect that Wolf is somehow affiliated" with the Mark. *Id.* at 14.

Wolf's use of the Mark has resulted in confusion to the public and harm to FLP in the form of loss of competition, loss of business, and "unfair benefit" to Wolf. *Id.* at 15-16.

Based on these allegations, FLP filed its initial complaint on January 23, 2017, alleging three claims against Wolf: violation of the Lanham Act, injurious falsehood, and interference with prospective advantage. Doc. 1 at 5-16. Wolf moved to dismiss the injurious falsehood and interference claims and the request for punitive damages under the Lanham Act. Doc. 17. The Court granted the motion with leave to amend the injurious falsehood and interference claims. Doc. 27. In its order, the Court warned that a further failure to state a claim would result in dismissal without leave to amend. *Id.* at 6. FLP filed an amended complaint on November 10, 2017, asserting the same three claims against Wolf. Doc. 36 at 17-27. Wolf again moves to dismiss the injurious falsehood and interference claims. Doc. 41.

## II. Legal Standard.

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III. Analysis.

### A. Injurious Falsehood.

In its previous order, the Court held that FLP failed to state a claim for injurious falsehood because it did not allege that Wolf made a false statement. Doc. 27 at 5.

FLP's amended complaint does not cure this deficiency. To state a claim for injurious falsehood, FLP must allege: (1) Wolf's publication of a false statement harmful to FLP's interests, (2) Wolf's intent or knowledge that the publication will result in harm to FLP, (3) Wolf's knowledge that the statement is false or in reckless disregard of the truth, and (4) resulting pecuniary loss to FLP. *See* Restatement (Second) of Torts § 623A; *Gee v. Pima Cty.*, 612 P.2d 1079, 1079 (Ariz. Ct. App. 1980).

FLP has not pleaded facts to show that Wolf published any false statement regarding the Mark or FLP's products. The amended complaint alleges that Wolf published a false statement by selling merchandise displaying the Mark adjacent to the ® symbol, "representing that [Wolf's product] was a product affiliated with the FLP Mark." Doc. 36 at 20. But as noted in the Court's earlier order, the "use of 'Liv-IT! ®' on Wolf's products simply is not a statement about FLP or its products." Doc. 27 at 5.

FLP cites *QSP, Inc. v. Aetna Casualty & Surety Co.*, 773 A.2d 906 (Conn. 2001), for the proposition that a defendant's use of the plaintiff's trademark registration symbol is a "false communication" that disparages the plaintiff's title to goods. Doc. 45 at 6. But *QSP* did not concern the use of another's trademark, and it reiterated that the tort of injurious falsehood "requires[s] that the alleged damaging statement be made concerning the plaintiff." 773 A.2d at 918. Wolf's use of the Mark followed by the ® symbol is not a damaging statement about FLP or its products.

In its previous order, the Court stated that "if FLP plans to amend the injurious falsehood claim, it must identify a specific false statement made by Wolf and not rely on [the ® theory]." Doc. 27 at 5 n.3. FLP has not alleged any such false statement, and again has failed to state a claim for injurious falsehood.

**B.    Tortious Interference with Prospective Advantage.**

To establish a claim for tortious interference, FLP must show (1) the existence of a valid contractual relationship or business expectancy, (2) Wolf's knowledge of the relationship or expectancy, (3) intentional interference by Wolf inducing or causing a breach or termination of the relationship or expectancy, and (4) resulting damage to FLP.

*See Antwerp Diamond Exch. of Am., Inc. v. Better Bus. Bureau of Maricopa Cty., Inc.*, 637 P.2d 733, 740 (Ariz. 1981); Restatement (Second) of Torts § 766B. Wolf's interference must also be improper. *Safeway Ins. Co., Inc. v. Guerrero*, 106 P.3d 1020, 1025 (Ariz. 2005). The Court's previous order held that FLP failed to state a claim for tortious interference because it did not identify a contractual relationship or business expectancy of which Wolf had knowledge, nor did it allege that Wolf intentionally induced or caused a breach of that relationship or expectancy. Doc. 27 at 5.

FLP's amended complaint alleges that FLP has a history of repeated and regular transactions with what it refers to as "Non-Dollar Stores," including stores such as "Target, Walmart, Discount Drug Mart, Value merchandisers, CNS Distribution, Piggly Wiggly, and Food City," to which FLP sells products bearing the Mark. Doc. 36 at 15-16. FLP further alleges that "thousands of products bearing the [Mark] have been sold in retail stores." *Id.* at 6. FLP alleges that in the industry of wholesaling household products, it is "common knowledge" that if a product bearing a trademark is sold to dollar stores, Non-Dollar Stores will not purchase and sell those same products. *Id.* at 15-16. FLP further alleges that with this common knowledge, Wolf intentionally and in bad faith sold products bearing the Mark to dollar stores so Non-Dollar Stores would no longer purchase merchandise bearing the Mark from FLP. *Id.* at 16, 26-27. FLP alleges that Non-Dollar Stores will no longer purchase FLP products bearing the Mark due to Wolf's intentional sales of her products bearing the Mark to dollar stores. *Id.*

Wolf argues that by relying on a "nebulous, ill-defined" list of "Non-Dollar Stores," FLP has not sufficiently alleged a valid relationship or expectancy with a specific identified third party. Doc. 41 at 12-13. An action for tortious interference requires proof of "a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered." *Dube v. Likins*, 167 P.3d 93, 101 (Ariz. Ct. App. 2007). But a plaintiff may also "allege a business expectancy with a class of individuals," provided the group is "specifically identifiable." *Id.* FLP has identified a specific group

– Non-Dollar Stores – with which it has a history of repeated transactions that have resulted in FLP's expectancy of recurring sales. Wolf's knowledge of FLP's ongoing relationship with the Non-Dollar Stores can reasonably be inferred from the facts alleged. If Wolf did not have knowledge of the relationship, she could not, as alleged, sell products bearing the Mark to dollar stores with the intention of causing harm to FLP.

The Court concludes that the amended complaint sufficiently alleges that Wolf engaged in wrongful interference with an improper motive, and that this conduct interfered with FLP's legitimate interest in earning profits from continuing its business relationships with Non-Dollar Stores. FLP has stated a claim for interference with prospective advantage.

**IT IS ORDERED:**

1. Defendant Wolf's motion to dismiss FLP's injurious falsehood claim (Doc. 41) is **granted**. Further leave to amend will not be granted.
2. Defendant Wolf's motion to dismiss FLP's tortious interference claim (Doc. 41) is **denied.**

Dated this 5th day of February, 2018.

_____
David G. Campbell
United States District Judge