

July 13, 2018

Honorable David G. Campbell
District Court of Arizona
401 W Washington St.
Phoenix, Arizona 85003

    Re:    Liv-IT! LLC v. FLP, LLC et al, Case No. 2:17-cv-00773-DGC
            FLP, LLC v. Wolf, Case No. 2:17-cv-00214-DGC
            Summary Judgment Motion

Dear Judge Campbell:

Kimberly Wolf ("Wolf") respectfully submits this letter brief in response to the Court's Case Management Order dated July 14, 2017 and amended on April 13, 2018 ordering a 2-page letter exchange on motions for summary judgment by July 13, 2018. Wolf intends to file a motion for summary judgment on FLP's remaining two claims: (1) alleged violation section 43 of the Lanham Act, 15 U.S.C. § 1114, 1117(b) & 1125(A); and (2) alleged interference with FLP's prospective advantage. The dispute arises from Wolf's prior use and superior rights to her mark Liv-IT! that FLP adopted and registered first to harm Wolf's business. The Court's ruling determining that Wolf is the prior user of the mark in commerce and has superior rights to the mark Liv-IT! will effectively resolve FLP's entire action.

To prevail under 15 U.S.C. § 1125(a), a FLP must show (1) that it had prior rights to its mark or name and (2) that Wolf adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two. To prevail under 15 U.S.C. §

*Case 2:17-cv-00773 (Consolidated with Case No. 2:17-cv-00214-DGC)*
*Anticipated motion for summary judgment*

1114, FLP "must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Dep't of Parks & Recreation v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1124 (9th Cir.2006).

In *Sengoku Works Ltd v. RMC International*, Ltd, 96 F.3d 1217 (9th Cir. 1996), the court stated to determine a protectable ownership in a trademark it is axiomatic in trademark law that the **standard test of ownership is priority of use**. To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services. *See generally* J. Thomas McCarthy, 2 *McCarthy on Trademarks and Unfair Competition* § 16.03 (3d ed.1996) (hereinafter *McCarthy*). When proving ownership of a trademark, federal registration of the mark is *prima facie* evidence that the registrant is the owner of the mark. Lanham Act § 7(b), 15 U.S.C. § 1057(b); Lanham Act § 33(a), 15 U.S.C. § 1115(a). Therefore, the registrant is granted a presumption of ownership, dating to the filing date of the application for federal registration, and the challenger must overcome this presumption by a preponderance of the evidence. *Vuitton et Fils S.A. v. J. Young Enterprises*, 644 F.2d 769, 775-76 (9th Cir. 1981); *Rolley, Inc. v. Younghusband*, 204 F.2d 209 (9th Cir.1953). However, the non-registrant can rebut this presumption by showing that the registrant had not established valid ownership rights in the mark at the time of registration — in other words, if the non-registrant can show that he used the mark in commerce first, then the registration may be invalidated. The evidence

*Case 2:17-cv-00773 (Consolidated with Case No. 2:17-cv-00214-DGC)*
*Anticipated motion for summary judgment*

already filed in this matter conclusively demonstrate that Wolf used the mark in commerce first, FLP knew it and registered the mark to injure Wolf's business.

To prevail under its alleged interference with prospective advantage, FLP must prove the following: the existence of a valid contractual relationship or business expectancy; the interferer's knowledge of the relationship or expectancy; intentional interference inducing or causing a breach or termination of the relationship or expectancy; and resultant damage to the party whose relationship or expectancy has been disrupted. *Dube v. Likins*, 216 Ariz. 406, 167 P.3d 93 (App. 2007). As demonstrated by the current evidence filed in this matter, FLP cannot meet its burden.

Based on the above, Wolf will prevail on all claims and she will respectively ask the Court to grant summary judgment in her favor and against the plaintiff and award her damages, the cost of the action and attorneys' fees.

Sincerely,

/s/ Jay Calhoun

Jay Calhoun
Counsel for Defendant Kimberly Wolf
Counsel for Plaintiff Liv-IT LLC