# Abram & Meell P.A.

*Attorneys at Law*
*2020 North Central Avenue, Suite 690*
*Phoenix, Arizona 85004*

*Tel: 602-254-7041*
*Fax: 602-254-7540*

*Thomas L. Abram (ret.) Of Counsel*
*Gregory J. Meell, Esq.*                                    gmeell@abrammeell.com
*Barbara Bayne, Office Administrator*                       bbayne@abrammeell.com

July 17, 2018

**VIA Email**
Jay Calhoun, Esq.
The Calhoun Law Firm, PLC,
P.O. Box 2995, Tempe, Arizona 85280
firm@law4sb.com

**VIA Electronic Court Filing**
The Honorable David G. Campbell, Judge
United States District Court, District of Arizona
Sandra Day O'Connor Courthouse, Suite 623
401 West Washington Street, SPC 58
Phoenix, AZ 85003-2156

> Re:  Consolidated Cases FLP, LLC v. Kimberly Wolf -Case No.  2:17-cv-00214-DGC; and Liv-IT! LLC v. FLP, LLC et al  Case No.  2:17-CV-00773-DGC

Your Honor and Ms. Calhoun,

The July 14, 2017 Case Management Order (amended by April 13, 2018 Minute Entry) directed that by July13, 2018 the parties exchange and file with the Court letters not to exceed two pages describing any anticipated Motions for Summary Judgment.

On April 12, 2018 FLP, LLC (hereafter "FLP") filed is Application for Prelminary Injunction.  On May 1, 2018 FLP filed its Second and Condensed Application.  On May 24, 2018 FLP filed its Motion which, in part, requested the re-setting of the date for filing case dispositive motions.

These three filings presented over 58 pages identifying the issues and claims on which FLP will prevail and the factual and legal bases for FLP's anticipated Motion for Summary Judgment.  Consequently, FLP's counsel believed that this satisfied the underlying intent of the Case Management Order directive for the letter exchange.  FLP's counsel apologizes for not also filing a letter with the information here.  By this letter's reference to these three filings the FLP Parties incorporate in this letter all of the factual and legal basis for FLP's anticipated Motion for Summary Judgment.

FLP conceived of the mark decades ago. On September 14, 2015, FLP used the FLP Mark in commerce through its purchase order to Ningbo Ayuan Import. On September 29, 2015 FLP filed with an Intent to Use Trademark Application with the



Compassion † Strength † Justice©



*Abram & Meell, P.A.*
*Attorneys at Law*

Jay Calhoun, Esq.
Hon. David G. Campbell
7/17/2018
Page 2

United States Patent and Trademark Office (hereafter "the USPTO"). On November 10, 2015, FLP filed with the USPTO FLP's Actual Use Trademark Application regarding the Mark "LIVIT". On December 8, 2015, K. Wolf filed with the USPTO its Trademark Application for the mark "Liv-IT!". On April 28, 2016, the USPTO declined Wolf's Application. On October 4, 2016, the USPTO granted FLP's 2nd Application.

  The Wolf Parties continued their use of the Offending Mark on houseware products in competition with those of FLP. This violated §43 of the Lanham Act (15 U.S.C. §1125). Under 15 USC §1125(c) FLP is entitled to an injunction prohibiting the Wolf Parties' violated 15 U.S.C. §1114. Under 15 U.S.C. §1117(b) FLP is entitled to recover; (1) The Wolf Parties profits; (2) Any damages sustained by FLP; and (3) the costs of the action, and judgment for three times such profits or damages, whichever amount is greater, together with a reasonable attorney's fee. See <u>North Atlantic Operating Co., Inc. et al v. DRL Enterprises, Inc</u>. Opposition No. 91158276 (2011)." FLP may elect to receive statutory damages. Under the "Prioritizing Resources and Organization for Intellectual Property Act (PRO-IP)" and 15 U.S.C. §1117(c) the damages penalty has increased from the previous range of $500.00 to $100,000.00 per mark, to $1,000.00 to $200,000.00 per mark

  FLP will prevail on its claim, because (1) It has a protected ownership interest in the FLP Mark, and (2) The Wolf Parties use of the word the Offending Mark has caused consumer confusion, thereby infringing upon FLP rights. See <u>Department of Parks & Recreation v. Bazaar Del Mundo Inc.</u>, 448 F.3d 1118, 1124 (9th Cir. 2006).

  On July 16, 2018 undersigned counsel emailed Attorney Calhoun asking if counsel was available for a telephone call to the Court's staff today about scheduling a pre-motion for summary judgment conference. Attorney Calhoun never respondent and instead telephone the Court directly today.

          Best Professional Regards,

          *[signature]*

          Gregory J. Meell, Esq.

GJM/gjm




Compassion † Strength † Justice