ABRAM & MEELL, P.A.
ATTORNEYS AT LAW
2020 N. Central Avenue, Suite 690
PHOENIX, ARIZONA 85004
(602) 254-7041
Gregory J. Meell, State Bar No. 012526
gmeell@abrammeell.com
Attorneys for FLP Parties
Gregory J. Meell, State Bar No. 012526

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FLP, LLC<br><br>    Plaintiff,<br>vs.<br><br>KIMBERLY WOLF<br><br>    Defendant<br><br><br>Liv-IT! I LLC<br><br>    Plaintiff,<br>vs.<br><br>FLP, LLC, et. al.<br><br>    Defendants | Case No. 2:17-cv-00214-DGC<br><br>**FLP PARTIES' STATEMENT OF FACTS IN SUPPORT OF FLP'S MOTION FOR SUMMARY JUDGMENT AND IN RESPONSE TO WOLF'S AND Liv-IT!'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:17-CV-00773-DGC<br>(Consolidated) |

The FLP Parties' hereby submit their Statement Of Facts In Support of the FLP Parties' Motion For Summary Judgment and in support of the FLP Parties' Response to Wolf's and Liv-It!'S Motion For Summary Judgment.

## STATEMENT OF FACTS

1. FLP is engaged in the business of selling to retail sellers household goods under the "LIVIT" name and trademark (hereafter the "FLP Mark") and others. Defendant Paul Croisdale is FLP's Chief Executive Officer who conceived of the "Live It" and/or "LIVIT" mark in or around 2001 when he shortened and combined the phrases "live it up" and "live life to the fullest". In or around January 2015 FLP selected the

1 mark for its use. FLP developed a business plan to utilize the mark and in August 2015
2 the FLP Mark artwork was finalized.

**Source:** Croisdale Affidavit attached here as Exhibit 1.

2. Respecting the rights of other trademark registration holders, and to protect against misuse allegations, in deploying a new mark FLP routinely searches the United States Patent and Trademark Office (USPTO) records regarding registration of the same or similar marks.

**Source:** Croisdale Affidavit at Exhibit 1; Halvorson Affidavit attached here as Exhibit 2.

3. FLP found no USPTO records registering, nor referencing application for USPTO registration, of another mark identical or similar to FLP's mark. So, FLP assigned item numbers 8411 through 8417 item deploying the mark, and on September 14, 2015, FLP issued a purchase order to Ningbo Ayuan Import and Export Co. (hereafter NAIE) contracting for the manufacturing of 266,400 FLP products deploying the FLP mark and circulated to customers sell sheets and product exemplars deploying the FLP Mark.

**Source:** Croisdale Affidavit at Exhibit 1; September 14, 2015 Ningbo Ayuan Imports Purchase Order sell sheets and product exemplars attached collectively here as Exhibit 5.

4. On September 29, 2015 FLP filed its USPTO "intent to use in commerce" Application for Registration Serial No. 86771843 (hereafter "FLP's 1st Application") of the mark "LIVE IT". On November 10, 2015 FLP filed its USPTO "actual use in commerce" Application for Registration Serial No. 86815138 (hereafter "FLP's 2nd Application") regarding the mark "LIVIT" (hereafter "the FLP Mark").

**Source:** Halvorson Affidavit Exhibit 2; FLP's 1st Application attached as Exhibit 3; and FLP's 2nd Application attached here as Exhibit 4.

5. The September 14, 2015 NAIE Purchase Order purchased 36,000 units of FLP Mark bearing Item 8411 alone.

**Source:** Croisdale Affidavit attached here as Exhibit 1; NAIE Purchase Order; sell sheets and product exemplars attached collectively here as Exhibit 5.

6. The first products bearing the FLP Mark from the NAIE Purchase order landed here in December 2015. All of them were subsequently sold to FLP customers.

**Source:** Halvorson Affidavit attached here as Exhibit 2.

7. Tens of thousands of products bearing the FLP Mark have been sold in retail stores. Through the above referenced conduct FLP has used the FLP Mark in interstate commerce. Approximately one year ago, FLP documented with the Wolf Parties that from December 9, 2015 through March 31, 2018 FLP sold to its retail vendor customers over 30,000 items of LIVIT products. As set forth in the Ngbo Ayuan Purchase Order, the LIVIT items are recorded by FLP internally as its product item numbers 8411, 8412, 8413, 8414, 8415, 8416 and 8417. Through FLP's October 6, 2017 Response to Request for Production of Documents a year ago on October 6, 2017 FLP'S counsel disclosed to the Wolf Parties counsel 95 Invoices from FLP to the following vendors for sale of various items numbered 8411 through 8417. These invoices evidenced that FLP has sold tens of thousands of Livit Items to the following retailers:

(i) Amazon, (ii) Piggly Wiggly; (iii) Food City Distribution Center, (iv) Value Merchandiser; (v) C&S Wholesale Grocers, (vi) C&S Battleboro; and (vii) Merchant Distributors.

**Source:** Croisdale Affidavit attached here as Exhibit 1; Copies of October 4 and 6, 2017 emails to attorney Motolenich-Salas attached here as Exhibit 17 (which disclosed 143 pages of FLP LIVIT invoice summaries and 95 multi-page FLP LIVIT invoices); Exemplar copies of FLP LIVIT invoices to each of the above-referenced vendors disclosed to the Wolf Parties with the October 4 and 6, 2017 emails, and the credit ledgers

showing payments on those invoices, all collectively attached here as Exhibit 18[i]; FLP Spreadsheet of Invoices for sale of FLP LIVIT items numbered 8411 through 8417 attached here as Exhibit 19.

8. FLPs invoice spreadsheet report FLP selling a 38,860 LIVIT items numbered 8411, 8412, 8413, 8415, and 8417 from December 2015 through March 2017 resulting in gross sale proceeds of $26,897.76.

**Source:** See spreadsheet attached here as Exhibit 19.

9. On December 8, 2015, K. Wolf filed with the USPTO Application for Registration Serial No. 86843198 (hereafter "Wolf's Failed Application") for registration of the mark "Liv-IT!" (hereafter "the Wolf Mark").

**Source:** December 8, 2015 USPTO Application attached here as Exhibit 6.

10. After FLP had developed and deployed its use of the FLP Mark, the Wolf Parties began displaying the Wolf Mark "Liv-IT!" on its products offered for sale.

**Source:** See Wolf Parties' Statement of Facts at paragraphs 18, 19, and 20.

11. In or around February 2016 FLP was informed by industry third parties that the Wolf Parties were using a Liv-IT! mark on products being sold by retailers. So, FLP decided to suspend production and related marketing activities in relation to products bearing the FLP Mark to mitigate any losses that might occur because of a potential challenge to the FLP Mark by the Wolf Parties.

**Source:** Croisdale Affidavit attached here as Exhibit 1; Halvorson Affidavit attached here as Exhibit 2.

12. FLP's March 1, 2016 letter to Kimberly Wolf detailed FLP's position that the Wolf Parties' were infringing FLP Trademark rights. The letter requested that the Wolf

---

[i] It would be too voluminous and unnecessary to attach to this Statement all 95 invoices. Some individual invoices are as long as 9 pages. So, for purposes of this Statement to extensive use in commerce, copies of one (of many) invoices for each FLP customer are attached here as Exhibit 18.

-4-

1 Parties stop using the Mark, and requested detailed information about the Wolf Parties

2 use of the Wolf Mark.

3     **Source:** FLP's March 1, 2016 letter to Kimberly Wolf attached here as Exhibit 7.

4     13. The March 2, 2016 letter to FLP from the Wolf Parties' attorney Louis P.

5 Alex claimed that Wolf had "commenced use of the mark before FLP'S September 29,

6 2015 USPTO Application for Trademark Registration, and that the Wolf Parties' had

7 acquired an extension until May 4, 2016 within which to formally oppose FLP's USPTO

8 Application. The letter did not address any of the inquiries in FLP's March 1, 2016 letter.

9     **Source:** March 1, 2016 letter from Louis P. Alex attached here as Exhibit 8.

10     14. On March 23, 2016 the USPTO issued its Approval for Publication for the

11 FLP Mark addressed by the November 10, 2015 Application Registration Serial No.

12 86815138 (FLP's 2d Application).

13     **Source:** March 23, 2016 the USPTO Approval attached as Exhibit 9.

14     15. On March 30, 2016, the USPTO issued its Office Action suspending the Wolf

15 Parties' failed Application due to FLP's pending Applications and the confusing

16 similarity of the Wolf's Mark to FLP Mark.

17     **Source:** See March 30, 2016, the USPTO Office attached here as Exhibit 10.

18     16. On April 28, 2016, the USPTO issued its Office Action denying the Wolf

19 Parties' Application due to FLP's senior Applications and the likelihood that the Wolf

20 mark would be confused for the FLP Mark.

21     **Source:** April 28, 2016, USPTO Office Action attached as Exhibit 11.

22     17. FLP's counsel's June 8, 2016 letter to the Wolf Parties' attorney Alex Cook

23 FLP reiterated the detailed inquiries set forth in FLP's March 1, 2016 letter to Wolf. In

24 addition the letter requested the following information: (a) When, where and how did Ms.

25 Wolf first use the Wolf Mark; (b) When Wolf said she "commenced use" of the Mark, did

26 she mean bona fide use in the ordinary course of trade; (c) How often had Ms. Wolf used

the Mark; (d) Whether Ms. Wolf engaged in any activities of promoting products using the Wolf Mark; (e) A description of the nature, frequency and location of the promotion; (f) Confirmation as to whether the purchasing public ever had any opportunities to buy any product related to the Wolf Mark.

**Source:** June 8, 2016 letter is attached here as Exhibit 12.

18. Attorney Alex never responded to this letter.

**Source:** Croisdale Affidavit attached here as Exhibit 1

19. On August 26, 2016 the USPTO issued its notice of its termination of the extensions of time Wolf requested to oppose FLP's 2nd Application for registration of the FLP Mark.

**Source:** August 26, 2016 USPTO Notice terminating the extension of the Wolf Parties' right to oppose FLP's 2nd Application - attached as Exhibit 13.; Croisdale Affidavit attached here as Exhibit 1.

20. On October 4, 2016, the USPTO granted FLP's 2nd Application for Registration of the "LIVIT" mark. *This record also documented FLP's first Use in Commerce effective October 1, 2015*. Then on October 12, 2016 the USPTO issued to the Wolf Parties a Suspension Letter suspending action on their Failed Application because the filing dates of FLP's 1st and 2nd Applications preceded the filing date of Wolf's Application and the similarity of the marks.

**Source:** USPTO Trademark Document Search Report (TDSR) record of registration of FLP's 2nd Application for Registration of the "LIVIT" mark *and documenting first Use in Commerce October 1, 2015*; attached here as Exhibit 14; October 12, 2016 the USPTO Suspension letter to the Wolf Parties here as Exhibit1 15.

21. Around May 1, 2017 FLP's counsel became aware of the Wolf Parties' Liv-IT! LLC website displaying the Trademark Registration symbol ® with the Wolf Mark. FLP's counsel Ma 4, 2018 letter to the Wolf Parties' asked that the Wolf Parties

"…please confirm what, if any, trademark registration that Liv-IT! acquired and provide us with any related trademark registration documentation your client possesses".

**Source:** Croisdale Affidavit attached here as Exhibit 1; May 4, 2017 letter from FLP's counsel to the Wolf Parties' counsel attached here as part of the collective May 2017 settlement correspondence attached here as Exhibit 16.

22. The Wolf Parties' counsel responded by a May 4, 2017 email stating in part:

"…As you know by having read Liv-IT!'s complaint, Liv-IT! owns this trademark based on common law rights and prior use of the mark in interstate commerce, and that it has no federal registration…"

**Source**; May 4, 2017 email from Wolf's counsel attached here as part Exhibit 16.

23. In a May 5, 2017 letter to the Wolf Parties' counsel, FLP reiterated the inquiries in it attorneys the March 1 and June 8, 2016. The Wolf Parties did not answer.

**Source:** May 5, 2017 letter to Wolf's counsel attached here as Exhibit 16.

24. FLP's counsel's May 7, 2017 letter asked that Liv-IT! please provide "(1) Any trademark registration documentation that your client possesses or of which they have knowledge in relation to what they believe to be their trademark; or (2). Confirmation that they do not possess any such registered trademark documentation or that they do not have any knowledge of such documentation."

**Source:** May 7, 2017 Letter to Wolf's counsel attached here as Exhibit 20.

25. The May 10, 2017 email from the Wolf Parties' counsel stated:

"As I indicated to you before, there is no registration owned by my client of the Liv-IT! trademark…"

FLP repeatedly attempted to settle this matter through and agreement whereby the two marks would co-exist under geographical parameters. The Wolf Parties rejected this settlement attempt.

**Source:** See settlement correspondence attached collective here as Exhibit 16.

26. On May 18, 2017 FLP's counsel transmitted to the Wolf Parties' counsel a letter that conveyed information regarding the Wolf Parties' improper use of the Federal Trademark Registration symbol ® on Liv-IT!'s business website. The May 18, 2017 letter was accompanied by a copy of a "screenshot" of the "liv-itproducts.com" webpage taken at 1:37 p.m. on Saturday May 6, 2017 and again at 5:06 p.m. on May 18, 2017. These displayed two federal trademark registration symbols ® next to the Wolf Mark. The May 18, 2017 letter explained that under the applicable statutory and case law this improper use of the ® registration symbol with an unregistered mark established grounds for denying the offending party any rights regarding the offending mark.

**Source:** May 18, 2018 email from Wolf's counsel attached here as Exhibit 20.

27. The May 19, 2017 email from the Wolf Parties' counsel stated in reply:

"Liv-IT! LLC does not intentionally use the circle R symbol in an attempt to mislead the public. In fact, it has only inadvertently used the circle R on a few occasions, and such occurrence was not the result of bad faith or deceit, but rather an innocent mistake."

28. FLP's August 2, 2017 Initial Disclosure Statement to the Wolf Parties disclosed photographs of the Wolf Parties' products being offered for sale with the ® symbol prominently with the Wolf Parties' Offending Mark. The Wolf Parties offered no explanation for the fact that this stark evidence contradicted their May 10, and May 19, 2017 representations about inadvertence.

**Source**: Pages 1 and 5 of August 2, 2017 Initial Disclosure Statement and related photographs attached here as Exhibit 22.

29. During the week of August 21, 2017 Paul Croisdale was engaged in business travel in Columbus Ohio and while he was in a Discount Drug Mart store he observed and photographed multiple product displays with a multitude of Wolf Parties' products displaying "Liv-IT, LLC ®"

**Source:** Photos of Liv-IT! Products taken on August 21, 2017 improperly bearing ® symbol attached here as Exhibit 23.

30. In the industry of wholesaling household products, there exist retail stores commonly known as "dollar stores" selling items for a $1.00 or less (i.e. the dollar stores). All stores other than the dollar stores are referred to as "Non-Dollar Stores". FLP has a long history of selling products to "Non-Dollar Stores" like those referenced above

**Source:** Croisdale Affidavit attached as Exhibit 1; Halvorson Affidavit attached as Exhibit 2.

31. Over many years, FLP has regularly sold products to the Non-Dollar Stores and in turn those Non-Dollar Stores have historically repeated those purchases many times. This history of repeated and regular transactions with the Non-Dollar Stores has resulted in FLP's business expectancy of recurring sales to the Non-Dollar Stores of the same category of FLP products items numbered 8411 through 8417. These are the products which bore, and are protected by, the Federally Registered FLP Mark. It is standard practice in the industry that Non-Dollar Stores will not purchase and sell general merchandise that has been sold in Dollar Stores.

**Source:** Croisdale Affidavit attached as Exhibit 1; Halvorson Affidavit attached as Exhibit 2.

32. The Wolf Parties have sold products to dollar stores bearing the Wolf Mark confusing it with the FLP Mark, and resulting in the Non-Dollar Stores refusing to purchase FLP products bearing the FLP Mark.

**Source:** Croisdale Affidavit attached as Exhibit 1; Halvorson Affidavit attached as Exhibit 2.

Respectfully submitted on October 1, 2018

By *Gregory J. Meell*

Gregory J. Meell
Abram & Meell, PA
201 North Central, Suite 2400
Phoenix, Arizona 85073
Attorneys for the FLP Parties

**CERTIFICATE OF e-TRANSMISSION AND SERVICE**

Gregory J. Meell, Esq certifies that on October 1, 2018 I electronically transmitted to the Clerk of this Court for filing with the Court the original of the foregoing Statement of Facts and, by e-service, provided a copy of it to Jay Calhoun, The Calhoun Law Firm, PLC, P.O. Box 2995, Tempe, Arizona 85280 / email address firm@law4sb.com, the attorney for Liv-IT! and Kimberly Wolf.

Dated October 1, 2018

By *Gregory J. Meell*