# EXHIBIT 13

# LIVIT

| | | | |
|---|---|---|---|
| **US Serial Number:** | 86815138 | **Application Filing Date:** | Nov. 10, 2015 |
| **US Registration Number:** | 5053019 | **Registration Date:** | Oct. 04, 2016 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |
| **Status:** | Registered. The registration date is used to determine when post-registration maintenance documents are due. | | |
| **Status Date:** | Oct. 04, 2016 | | |
| **Publication Date:** | Apr. 12, 2016 | | |

---

# Mark Information

**Mark Literal Elements:** LIVIT

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

---

# Goods and Services

**Note:** The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Air fragrancing preparations; All purpose cleaning preparation with deodorizing properties; All purpose cleaning preparations; All purpose cotton swabs for personal use; All-purpose cleaners; Automobile carpet and upholstery cleaning preparations; Automobile tire cleaning and polishing preparations; Automobile, tire, glass and wheel cleaning preparations; Automotive cleaning preparations; Body butter; Body lotion; Carpet cleaners with deodorizer; Cleaning agents and preparations; Cleaning and polishing preparations; Cleaning preparations; Cleaning preparations for cleaning surfaces; Cleaning preparations for household purposes; Cloths or tissues impregnated with a skin cleanser; Disposable wipes impregnated with cleansing chemicals or compounds for household use; Emery boards; Fingernail embellishments; Fragrances for automobiles; Furniture polish; Glass cleaning preparations; Impregnated cleaning cloths; Impregnated cleaning, dusting or polishing cloths; Impregnated cloths for polishing; Lip balm; Lip gloss; Nail care kits comprising nail polish; Nail enamel; Nail polish; Oven cleaners; Pumice stones for personal use; Reed diffusers comprised of scented oils and also including reeds and a diffuser container; Reeds and scented oils sold as a unit for use in room scent diffusers; Refills for electric room fragrance dispensers; Room fragrances; Scented oils; Scented room sprays

**International Class(es):** 003 - Primary Class

**U.S Class(es):** 001, 004, 006, 050, 051, 052

**Class Status:** ACTIVE

**Basis:** 1(a)

**First Use:** Oct. 01, 2015

**Use in Commerce:** Oct. 01, 2015

**For:** Abrasive pads for kitchen or domestic purposes; Abrasive sponges for scrubbing the skin; All purpose portable household containers; Atomizers for household use; Automobile oil funnels; Automobile wheel cleaning brushes; Bakeware; Baking dishes; Barbecue mitts; Basins; Baskets for domestic use; Baskets for waste paper littering; Basting brushes; Basting spoons; Bath brushes; Bath products, namely, body sponges; Bath products, namely, loofah sponges; Bath sponges; Bathroom pails; Beverage glassware; Beverage stirrers; Beverageware; Body scrubbing puffs; Bottle openers; Bottle stoppers specially adapted for use with wine bottles; Bowls; Brooms; Brushes for basting meat; Brushes for pets; Brushes for washing up; Buckets; Cake decorating sets sold as a unit comprised primarily of decorating tubes, couplers and tips; Cake domes; Car washing mitts; Charms for attachment to beverage glassware for identification purposes; Cheese graters; Chopsticks; Citrus squeezers; Cleaning and polishing cloths; Cleaning brushes for barbecue grills; Cleaning brushes for household use; Cleaning cloth; Cleaning mitts of fabric; Cleaning pads; Cleaning sponges; Cleaning, dusting and polishing cloths; Cloth for wiping or dusting; Clothes pegs; Clothes pins; Cloths for cleaning; Cocktail glasses; Cocktail picks; Cocktail shakers; Cocktail stirrers; Coffee scoops; Coffee stirrers; Colanders; Collapsible fabric storage container for domestic use; Combs; Containers for household or kitchen use; Containers for ice; Cookery molds; Cookie cutters; Cookie jars; Cookie sheets;

Cooking forks; Cooking funnels; Cooking graters; Cooking pans; Cooking pot sets; Cooking pots; Cooking pots and pans; Cooking sieves and sifters; Cooking skewers; Cooking spoons; Cooking strainers; Corkscrews; Corn cob holders; Cosmetic brushes; Cosmetic spatulas; Cotton balls; Cutting boards; Decorating bags for confectioners; Dental care kit comprising toothbrushes and floss; Dishwashing brushes; Dispensers for cleaning and disinfecting solutions; Disposable gloves for home use; Disposable latex and nitrile gloves for general use; Disposable liner pads for animal litter boxes; Dog food scoops; Double wall cups; Double wall cups with lids; Double wall cups with lids and straws; Drain stoppers for sinks and drains; Drinking bottles for sports; Drinking cups for babies and children; Drinking cups for infants and parts and fittings therefor, namely, valves and lids sold as a unit; Drinking flasks; Drinking glasses; Drinking glasses, namely, tumblers; Drinking straws; Dryer balls sold empty used to disperse disinfectants to articles in a dryer; Dust pans; Dusters; Dusting brushes; Empty spray bottles; Exfoliating cloths; Exfoliating mitts; Exfoliating pads; Facial sponges for applying make-up; Feeding vessels for pets; Floor brushes; Fruit bowls; Funnels; Furniture dusters; Glass beverageware; Graters for kitchen use; Grill scrapers; Grooming tools for pets, namely, combs and brushes; Hair brushes; Hair combs; Hair, nail and tooth brushes; Hip flasks; Household containers for foods; Household plastic gloves; Household scouring pads; Household storage containers for pet food; Household utensils, namely, graters; Household utensils, namely, kitchen tongs; Household utensils, namely, sieves; Household utensils, namely, spatulas; Household utensils, namely, strainers; Household utensils, namely, turners; Ice buckets; Ice cream scoops; Ice cube molds; Ice cube molds for refrigerators; Ice cube trays; Ice pails; Insulated bags for food or beverage for domestic use; Jar openers; Kitchen ladles; Kitchen mitts; Ladles, for kitchen use; Lemon squeezers; Lint brushes; Lint removing sheets for personal use; Lint rollers; Lip brushes; Liquor pourers; Lunch bags not of paper; Make-up brushes; Meal trays; Mixing cups; Mixing spoons; Muffin tins; Nail brushes; Oven mitts; Ovenware; Pails; Pancake molds; Pans; Pet brushes; Pet feeding and drinking bowls; Pet litter box liners; Plastic buckets; Plastic freezer pop forms; Plastic juice box holders; Plastic plates; Plastic water bottles sold empty; Popcorn tins sold empty for domestic use; Pot and pan scrapers; Pot holders; Powder puffs; Pre-moistened towelettes for cleaning; Reusable ice cubes; Reusable plastic water bottles sold empty; Rice cooking pots; Salad tongs; Sandwich boxes; Sandwich cutters; Scoops; Scourers for saucepans; Scouring pads; Scouring sponges; Scrapers for household purposes; Scrub sponges; Scrubbing brushes; Serving dishes; Serving forks; Serving ladles; Serving platters; Serving spoons; Serving tongs; Serving trays; Slotted spoons; Sponges for applying body powder; Sponges for household purposes; Sponges used for applying make-up; Spoon rests; Sports bottles sold empty; Squeegees; Stemware; Tea infusers; Tiered food servers; Toilet brush holders; Toilet brushes; Tooth brushes; Toothbrush cases; Toothbrush head covers; Toothpick holders; Toothpicks; Training cups for babies and children; Trash containers for household use; Trivets; Tumblers for use as drinking glasses; Utensils for barbecues, namely, forks, tongs, turners; Vacuum bottle stoppers specially adapted for use with wine bottles; Vacuum pumps for wine bottles; Vegetable mashers; Waste baskets; Whisks; Wine openers; Wine pourers

| | |
|---|---|
| **International Class(es):** | 021 - Primary Class |
| **Class Status:** | ACTIVE |
| **Basis:** | 1(a) |
| **First Use:** | Oct. 01, 2015 |

**U.S Class(es):** 002, 013, 023, 029, 030, 033, 040, 050

**Use in Commerce:** Oct. 01, 2015

# Basis Information (Case Level)

| | | |
|---|---|---|
| **Filed Use:** Yes | **Currently Use:** Yes | **Amended Use:** No |
| **Filed ITU:** No | **Currently ITU:** No | **Amended ITU:** No |
| **Filed 44D:** No | **Currently 44D:** No | **Amended 44D:** No |
| **Filed 44E:** No | **Currently 44E:** No | **Amended 44E:** No |
| **Filed 66A:** No | **Currently 66A:** No | |
| **Filed No Basis:** No | **Currently No Basis:** No | |

# Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | FLP, LLC |
| **Owner Address:** | 2405 S. Roosevelt St.<br>Tempe, ARIZONA 85282<br>UNITED STATES |
| **Legal Entity Type:** | LIMITED LIABILITY COMPANY |
| **State or Country Where Organized:** | ARIZONA |

# Attorney/Correspondence Information

**Attorney of Record - None**

**Correspondent**

| | |
|---|---|
| **Correspondent Name/Address:** | FLP, LLC<br>FLP, LLC<br>2405 S. ROOSEVELT ST.<br>TEMPE, ARIZONA 85282<br>UNITED STATES |
| **Correspondent e-mail:** | khalvorson@flpaz.com |
| **Correspondent e-mail Authorized:** | Yes |

**Domestic Representative - Not Found**

# Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Jul. 06, 2017 | NOTICE OF SUIT | |
| Jul. 06, 2017 | NOTICE OF SUIT | |
| Jul. 06, 2017 | NOTICE OF SUIT | |
| Jul. 06, 2017 | NOTICE OF SUIT | |
| Oct. 04, 2016 | REGISTERED-PRINCIPAL REGISTER | |
| Aug. 26, 2016 | EXTENSION OF TIME TO OPPOSE PROCESS - TERMINATED | |
| May 06, 2016 | EXTENSION OF TIME TO OPPOSE RECEIVED | |
| Apr. 12, 2016 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Apr. 12, 2016 | PUBLISHED FOR OPPOSITION | |
| Mar. 23, 2016 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Mar. 03, 2016 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Mar. 03, 2016 | ASSIGNED TO EXAMINER | 81878 |
| Nov. 14, 2015 | NOTICE OF PSEUDO MARK E-MAILED | |
| Nov. 13, 2015 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Nov. 13, 2015 | NEW APPLICATION ENTERED IN TRAM | |

# TM Staff and Location Information

TM Staff Information - None

**File Location**

Current Location: PUBLICATION AND ISSUE SECTION       Date in Location: Oct. 04, 2016

# Proceedings

**Summary**

Number of Proceedings: 1

## Type of Proceeding: Extension of Time

| | | | |
|---|---|---|---|
| Proceeding Number: | 86815138 | Filing Date: | May 06, 2016 |
| Status: | Terminated | Status Date: | Aug 26, 2016 |
| Interlocutory Attorney: | | | |

**Defendant**

Name: FLP, LLC

Correspondent Address: FLP LLC
2405 S. ROOSEVELT ST
TEMPE AZ , 85282
UNITED STATES

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| LIVIT | Registered | 86815138 | 5053019 |

**Potential Opposer(s)**

Name: Liv-IT! LLC

Correspondent Address: LOUIS J ALEX
COOK ALEX LTD
200 WEST ADAMS STREET, SUITE 2850
CHICAGO IL , 60035
UNITED STATES

Correspondent e-mail: lalex@cookalex.com

**Prosecution History**

| Entry Number | History Text | Date | Due Date |
|---|---|---|---|
| 1 | INCOMING - EXT TIME TO OPPOSE FILED | May 06, 2016 | |
| | EXTENSION OF TIME GRANTED | | |

| 2 | | May 06, 2016 |
| 3 | INCOMING - EXT TIME TO OPPOSE FILED | Jun 09, 2016 |
| 4 | EXTENSION OF TIME GRANTED | Jun 09, 2016 |

# EXHIBIT 14

September 27, 2018

**Intermittent TSDR Outages**
Trademark Status and Document Retrieval (TSDR) is experiencing intermittent outages and you may not be able to access the database or your documents. We are working to resolve the issue.

If today is your filing deadline and you need assistance accessing a document, email **teas@uspto.gov** and include your serial number and the document you are looking for.

| STATUS | DOCUMENTS | MAINTENANCE | | Back to Search | Print |

**Generated on:** This page was generated by TSDR on 2018-09-28 15:37:26 EDT

**Mark:** LIVIT

No Image exists for this case.

| | |
|---|---|
| **US Serial Number:** 86815138 | **Application Filing Date:** Nov. 10, 2015 |
| **US Registration Number:** 5053019 | **Registration Date:** Oct. 04, 2016 |
| **Filed as TEAS Plus:** Yes | **Currently TEAS Plus:** Yes |
| **Register:** Principal | |
| **Mark Type:** Trademark | |

**TM5 Common Status Descriptor:**



LIVE/REGISTRATION/Issued and Active

The trademark application has been registered with the Offic

**Status:** Registered. The registration date is used to determine when post-registration maintenance documents are c

**Status Date:** Oct. 04, 2016

**Publication Date:** Apr. 12, 2016

## Mark Information

## Goods and Services

## Basis Information (Case Level)

## Current Owner(s) Information

## Attorney/Correspondence Information

## Prosecution History

## TM Staff and Location Information

## Assignment Abstract Of Title Information - Click to Load



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Fri Aug 18 05:00:44 EDT 2017*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

| Logout | Please logout when you are done to release system resources allocated for you. |

| Start | List At: [        ] OR | Jump | to record: [        ] **Record 5 out of 10**

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# LIVIT

**Word Mark**  LIVIT

**Goods and Services**  IC 003. US 001 004 006 050 051 052. G & S: Air fragrancing preparations; All purpose cleaning preparation with deodorizing properties; All purpose cleaning preparations; All purpose cotton swabs for personal use; All-purpose cleaners; Automobile carpet and upholstery cleaning preparations; Automobile tire cleaning and polishing preparations; Automobile, tire, glass and wheel cleaning preparations; Automotive cleaning preparations; Body butter; Body lotion; Carpet cleaners with deodorizer; Cleaning agents and preparations; Cleaning and polishing preparations; Cleaning preparations; Cleaning preparations for cleaning surfaces; Cleaning preparations for household purposes; Cloths or tissues impregnated with a skin cleanser; Disposable wipes impregnated with cleansing chemicals or compounds for household use; Emery boards; Fingernail embellishments; Fragrances for automobiles; Furniture polish; Glass cleaning preparations; Impregnated cleaning cloths; Impregnated cleaning, dusting or polishing cloths; Impregnated cloths for polishing; Lip balm; Lip gloss; Nail care kits comprising nail polish; Nail enamel; Nail polish; Oven cleaners; Pumice stones for personal use; Reed diffusers comprised of scented oils and also including reeds and a diffuser container; Reeds and scented oils sold as a unit for use in room scent diffusers; Refills for electric room fragrance dispensers; Room fragrances; Scented oils; Scented room sprays. FIRST USE: 20151001. ==FIRST USE IN COMMERCE: 20151001==.

IC 021. US 002 013 023 029 030 033 040 050. G & S: Abrasive pads for kitchen or domestic purposes; Abrasive sponges for scrubbing the skin; All purpose portable household containers; Atomizers for household use; Automobile oil funnels; Automobile wheel cleaning brushes; Bakeware; Baking dishes; Barbecue mitts; Basins; Baskets for domestic use; Baskets for waste paper littering; Basting brushes; Basting spoons; Bath brushes; Bath products, namely, body sponges; Bath products, namely, loofah sponges; Bath sponges; Bathroom pails; Beverage glassware; Beverage stirrers; Beverageware; Body scrubbing puffs; Bottle openers; Bottle stoppers specially adapted for use with wine bottles; Bowls; Brooms; Brushes for basting meat; Brushes for washing up; Buckets; Cake decorating sets sold as a unit comprised primarily of decorating tubes, couplers and tips; Cake domes; Car washing mitts; Charms for attachment to beverage glassware for identification purposes; Cheese graters; Chopsticks; Citrus squeezers; Cleaning and polishing cloths; Cleaning brushes for barbecue grills; Cleaning brushes for household use; Cleaning cloth; Cleaning mitts of fabric; Cleaning pads; Cleaning sponges; Cleaning, dusting and polishing cloths; Cloth for wiping or dusting; Clothes pegs; Clothes pins; Cloths for cleaning; Cocktail glasses; Cocktail picks; Cocktail shakers; Cocktail stirrers; Coffee scoops; Coffee stirrers; Colanders; Collapsible fabric storage container for domestic use; Combs; Containers for household or kitchen use; Containers for ice; Cookery molds; Cookie cutters; Cookie jars; Cookie sheets; Cooking forks; Cooking funnels; Cooking graters; Cooking pans; Cooking pot sets; Cooking pots; Cooking pots and pans; Cooking sieves and sifters; Cooking skewers; Cooking spoons; Cooking strainers; Corkscrews; Corn cob holders; Cosmetic brushes; Cosmetic spatulas; Cotton balls; Cutting boards; Decorating bags for confectioners; Dental care kit comprising toothbrushes and floss; Dishwashing brushes; Dispensers for cleaning and disinfecting solutions; Disposable gloves for home use; Disposable latex and nitrile gloves for general use; Disposable liner pads for animal litter boxes; Dog food scoops; Double wall cups; Double wall cups with lids; Double wall cups with lids and straws; Drain stoppers for sinks and drains; Drinking bottles for sports; Drinking cups for babies and children; Drinking cups

for infants and parts and fittings therefor, namely, valves and lids sold as a unit; Drinking flasks; Drinking glasses; Drinking glasses, namely, tumblers; Drinking straws; Dryer balls sold empty used to disperse disinfectants to articles in a dryer; Dust pans; Dusters; Dusting brushes; Empty spray bottles; Exfoliating cloths; Exfoliating mitts; Exfoliating pads; Facial sponges for applying make-up; Feeding vessels for pets; Floor brushes; Fruit bowls; Funnels; Furniture dusters; Glass beverageware; Graters for kitchen use; Grill scrapers; Grooming tools for pets, namely, combs and brushes; Hair brushes; Hair combs; Hair, nail and tooth brushes; Hip flasks; Household containers for foods; Household plastic gloves; Household scouring pads; Household storage containers for pet food; Household utensils, namely, graters; Household utensils, namely, kitchen tongs; Household utensils, namely, sieves; Household utensils, namely, spatulas; Household utensils, namely, strainers; Household utensils, namely, turners; Ice buckets; Ice cream scoops; Ice cube molds; Ice cube molds for refrigerators; Ice cube trays; Ice pails; Insulated bags for food or beverage for domestic use; Jar openers; Kitchen ladles; Kitchen mitts; Ladles, for kitchen use; Lemon squeezers; Lint brushes; Lint removing sheets for personal use; Lint rollers; Lip brushes; Liquor pourers; Lunch bags not of paper; Make-up brushes; Meal trays; Mixing cups; Mixing spoons; Muffin tins; Nail brushes; Oven mitts; Ovenware; Pails; Pancake molds; Pans; Pet brushes; Pet feeding and drinking bowls; Pet litter box liners; Plastic buckets; Plastic freezer pop forms; Plastic juice box holders; Plastic plates; Plastic water bottles sold empty; Popcorn tins sold empty for domestic use; Pot and pan scrapers; Pot holders; Powder puffs; Pre-moistened towelettes for cleaning; Reusable ice cubes; Reusable plastic water bottles sold empty; Rice cooking pots; Salad tongs; Sandwich boxes; Sandwich cutters; Scoops; Scourers for saucepans; Scouring pads; Scouring sponges; Scrapers for household purposes; Scrub sponges; Scrubbing brushes; Serving dishes; Serving forks; Serving ladles; Serving platters; Serving spoons; Serving tongs; Serving trays; Slotted spoons; Sponges for applying body powder; Sponges for household purposes; Sponges used for applying make-up; Spoon rests; Sports bottles sold empty; Squeegees; Stemware; Tea infusers; Tiered food servers; Toilet brush holders; Toilet brushes; Tooth brushes; Toothbrush cases; Toothbrush head covers; Toothpick holders; Toothpicks; Training cups for babies and children; Trash containers for household use; Trivets; Tumblers for use as drinking glasses; Utensils for barbecues, namely, forks, tongs, turners; Vacuum bottle stoppers specially adapted for use with wine bottles; Vacuum pumps for wine bottles; Vegetable mashers; Waste baskets; Whisks; Wine openers; Wine pourers. FIRST USE: 20151001. FIRST USE IN COMMERCE: 20151001

| | |
|---|---|
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 86815138 |
| **Filing Date** | November 10, 2015 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | April 12, 2016 |
| **Registration Number** | 5053019 |
| **Registration Date** | October 4, 2016 |
| **Owner** | (REGISTRANT) FLP, LLC LIMITED LIABILITY COMPANY ARIZONA 2405 S. Roosevelt St. Tempe ARIZONA 85282 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |


TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST
NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT 15

## UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
### OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**U.S. APPLICATION SERIAL NO.** 86843198

**MARK:** LIV-IT!

**CORRESPONDENT ADDRESS:**
    LOUIS J. ALEX
    COOK ALEX LTD.
    200 WEST ADAMS STREET
    SUITE 2850
    CHICAGO, IL 60606
**APPLICANT:** Kimberly Clark Wolf

**CORRESPONDENT'S REFERENCE/DOCKET NO :**
    1817-0019
**CORRESPONDENT E-MAIL ADDRESS:**
    docket@cookalex.com

# *86843198*

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/trademarks/index.jsp

VIEW YOUR APPLICATION FILE

## SUSPENSION NOTICE: NO RESPONSE NEEDED

**ISSUE/MAILING DATE: 10/12/2016**

The trademark examining attorney is suspending action on the application for the reason(s) stated below. *See* 37 C.F.R. §2.67; TMEP §§716 *et seq.*

The effective filing date of the pending application(s) identified below precedes the filing date of applicant's application. If the mark in the referenced application(s) registers, applicant's mark may be refused registration under Section 2(d) because of a likelihood of confusion with that registered mark(s). *See* 15 U.S.C. §1052(d); 37 C.F.R. §2.83; TMEP §§1208 *et seq.* Therefore, action on this application is suspended until the earlier-filed referenced application(s) is either registered or abandoned. 37 C.F.R. §2.83(c). A copy of information relevant to this referenced application(s) was sent previously.

    - Application Serial Nos. 86771843 (Pending) and 86815138 (Since Registered)

The USPTO will periodically conduct a status check of the application to determine whether suspension remains appropriate, and the trademark examining attorney will issue as needed an inquiry letter to applicant regarding the status of the matter on which suspension is based. TMEP §§716.04, 716.05. Applicant will be notified when suspension is no longer appropriate. *See* TMEP §716.04.

No response to this notice is necessary; however, if applicant wants to respond, applicant should use the "Response to Suspension Inquiry or Letter of Suspension" form online at http://teasroa.uspto.gov/rsi/rsi.

    /Jason R. Nehmer/
    Examining Attorney
    Law Office 121
    (571) 270-5303
    jason.nehmer@uspto.gov

# EXHIBIT 16

> -----Original Message-----
> From: Motolenich-Salas, Ken M. [mailto:ken.motolenich@gknet.com]
> Sent: Monday, May 01, 2017 2:33 PM
> To: Greg J. Meell
> Subject: Rejection of offer (subject to FRE 408)
>
> Greg,
> Liv-IT respectfully rejects the offer of settlement whereby the parties and their
trademarks and usages would coexist. We are willing to extend to the time respond to
the complaint to Friday, May 5.
>
> Thank you.
>
>
> Sent from my iPhone
> This message and any of the attached documents contain information from the law
firm of Gallagher & Kennedy, P.A. that may be confidential and/or privileged. If you are
not the intended recipient, you may not read, copy, distribute, or use this information,
and no privilege has been waived by your inadvertent receipt. If you have received this
transmission in error, please notify the sender by reply e-mail and then delete this
message. Thank you.
>
>
>




> From: Greg J. Meell <GMeell@abrammeell.com>
> Sent: Thursday, May 4, 2017 11:51 AM
> To: Motolenich-Salas, Ken M.
> Subject: RE: Rejection of offer (subject to FRE 408)
>
> Good morning Ken,
>
>    Please review my attached letter.
>
> Best Professional Regards,
> Gregory J. Meell
>
> Abram & Meell, PA
> 2020 North Central Avenue, Suite 690
> Phoenix, AZ  85004
> (T) 602-254-7041
> (F) 602-254-7540
>

## Abram & Meell P.A.

*Attorneys at Law*
*2020 North Central Avenue, Suite 690*
*Phoenix, Arizona 85004*
*Tel: 602-254-7041*
*Fax: 602-254-7540*

*Thomas L. Abram (ret.) Of Counsel*
*Gregory J. Meell, Esq.*
*Barbara Bayne, Legal Assistant*

*gmeell@abrammeell.com*
*bbayne@abrammeell.com*

May 4, 2017

**<u>Via E-mail</u>**
Kenneth M. Motolenich-Salas
Gallagher & Kennedy
2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016
ken.motolenich@gknet.com

> Re: <u>Liv-IT! LLC v. FLP LLC et al / Arizona District Court Case No. 2:17-CV-
> 00773-DGC and FLP, LLC v. Kimberly Wolf Arizona District Court Case No.
> 2:17-cv-00214-DGC</u>

Good morning Ken,

Thank you for your May 1st email. When we spoke by telephone on April 20th I suggested the parties consider dismissing both of their Complaints and you suggested that they consider that along with considering entry into a trademark coexistence agreement. We both agreed to discuss this with our clients.

Thereafter on April 21st you left a voicemail asking that we confirm what my client was willing to do. After receiving approval from my client late in the week of April 24th, and speaking with you be telephone on May 1st (when I confirmed my client was willing to move forward with dismissals and a coexistence agreement) you indicated that you would speak with your client about it, and conveyed your sense that the proposal was likely to meet with your client's disagreement. Your May 1st email conveyed that your client "respectfully rejects the offer of settlement whereby the parties and their trademarks and usages would coexist." Your email conveyed no counter-offer. I must convey some confusion as to why, given your client's quick rejection and no counter-offer, we would go through the foregoing formalities. Nonetheless, please confirm what, if any, trademark that Liv-IT! owns in this regard and provide us with any related trademark registration documentation your client possesses.

On April 20th we also discussed the prospect of consolidating the two above-referenced cases. You stated you would speak with your client about it. Please confirm your client's position. Also, in the interest of judicial economy, please confirm whether you will accept service of our Complaint in Case No. 2:17-cv-00214-DGC. Please provide that confirmation before the close of business May 5th.

Thank you in advance for your continued professionalism and consideration in this regard.

Best Professional Regards,
ABRAM & MEELL, P.A.

Gregory J. Meell

GJM/gjm

> From: Motolenich-Salas, Ken M. [mailto:ken.motolenich@gknet.com]
> Sent: Thursday, May 04, 2017 12:04 PM
> To: Greg J. Meell
> Subject: Re: Rejection of offer (subject to FRE 408)
>
> Greg,
>
> Hello.  I will discuss this with my client and hope to get back to you by tomorrow.
However, I believe Ms. Wolf is traveling, so I may not be able to get a hold of her by
your one-day deadline.  We look forward to receipt your answer to the complaint.
>
> Thanks,
> Ken
>
> _____



> -----Original Message-----
> From: Motolenich-Salas, Ken M. [mailto:ken.motolenich@gknet.com]
> Sent: Thursday, May 04, 2017 4:17 PM
> To: Greg J. Meell
> Subject: Liv-IT/FLP
>
> Greg,
>
> I have been authorized by Ms. Wolf to accept service of process of the complaint and
summons in the FLP v. Wolf matter on her personal behalf.  Once you email them to
me, I will note the date of transmittal as the date on which the 21-day clock to respond
to the complaint starts.
>
> Liv-IT! LLC is unwilling at this point to agree to consolidation.  Your client must
respond to the complaint in the Liv-IT v. FLP/Croisdale/Halvorson matter on or before
Friday, May 5, the courtesy deadline that we extended to your client.
>
> You asked about Liv-IT!'s trademark information. As you know by having read Liv-IT!'s
complaint, Liv-IT! owns this trademark based on common law rights and prior use of the
mark in interstate commerce, and that it has no federal registration due to the fact that
your client falsely registered its mark (which it is also not using in interstate commerce).

>
> Regarding settlement, Liv-IT! LLC would require, at a minimum, that FLP (i) abandon
its trademark registration (and not renew the expired intent-to-use application that it let
go dead), (ii) agree to not challenge the validity or ownership of Liv-IT!'s mark in court or
at the trademark office, (iii) FLP agree to never seek trademark protection for any mark
similar to Liv-IT!, and (iv) monetary settlement payment.  After you have responded to
the complaint and if this is of interest to your clients, then we can discuss what other
terms of settlement would be required.
>
> Thank you.
>>
>
> Description: Gallagher & Kennedy
> 2575 E. Camelback Road, Suite 1100
> Phoenix, Arizona 85016-9225
> 602-530-8000 | www.gknet.com
>
> Ken M. Motolenich-Salas
> ken.motolenich@gknet.com
> 602-530-8360
>

## *Abram & Meell  P.A.*

*Attorneys at Law*
*2020 North Central Avenue, Suite 690*
*Phoenix, Arizona 85004*
*Tel: 602-254-7041*
*Fax: 602-254-7540*

*Thomas L. Abram (ret.) Of Counsel*
*Gregory J. Meell, Esq.*
*Barbara Bayne, Legal Assistant*

*gmeell@abrammeell.com*
*bbayne@abrammeell.com*

May 5, 2017

<u>**Via E-mail**</u>
Kenneth M. Motolenich-Salas
Gallagher & Kennedy
2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016
ken.motolenich@gknet.com

> Re: <u>Liv-IT! LLC v. FLP LLC et al / Arizona District Court Case No. 2:17-CV-00773-DGC and FLP, LLC v. Kimberly Wolf Arizona District Court Case No. 2:17-cv-00214-DGC</u>

Good morning Ken,

This letter is being transmitted pursuant to the provision of Federal Rule of Evidence 408. I sent your general settlement parameters to my clients.

Your text message to me today granted my request that we have until Monday May 8, 2017 to file an Answer to your client's Complaint due to my healthcare appointment rescheduling. I confirmed by text my agreement that your extension is contingent upon our not attempting any service of our Complain (by acceptance or otherwise) prior to Tuesday May 9, 2017. Thank you and your client.

I still hope that we can still engage in settlement discussions and avoid the fees related to preparing and filing an Answer. If we have to file an Answer the resources my clients expend on the related fees will diminish the resources that might be related to any negotiated resolutions. I propose that we continue settlement discussions.

It was with the thought of additional settlement discussions in mind that I began composing this letter on May 1st. Although I know that your client wishes for us to file an Answer before engaging in further settlement discussions, I believe prudence dictates my sending this now.

In the interest of minimizing the incurring of more fees, if at all possible please send this to you client to consider before Monday. In relation to a negotiated resolution of the parties' claims, our position is that your client's common law trademark protection claims is flawed for the following reasons.

FLP acquired the trademark not the Croisdales, Halvorsons, or Laseckis. Therefore there can be no personal liability for applying or acquiring a trademark

registration for which they did not personally apply and which they did not personally acquire.

Liv-IT! instructing their Chinese manufacturers to prepare packaging and labeling does not meet the level of sales in interstate commerce that are prerequisite to establishing the type of use in commerce necessary to the provision of any common law mark protection;

Ms. Wolf abandoning her objection extensions in relation to FLP's September 2015 registration application manifests her acknowledging the lack of a right to oppose the registrations and/or an abandonment of any common law trademark rights that she believes she may have had at the objections stage;

The objection stage regarding an application for a trademark registration utilizes a lower burden of proof to stop a registration than the burden of proof imposed upon an attempt to cancel a registration that was granted. Preparing label and packaging is not actual use.

A year ago my clients met their due diligence obligations regarding any common law right that your client may have had or may have been claiming. Specifically Attorney Louis J. Alex of of Cook Alex, Ltd. 200 West Adams Street  Chicago IL 60035 stated that he represented Ms. Wolf regarding her common law claims. My June 8, 2016 letter to Mr. Wolf fulfilled due diligence requirements when it stated:

"Your [March 2, 2016] letter also stated "Please be advised that Ms. Wolf commenced use of the Liv-It! name and trademark before September 29, 2015..." In this regard please provide the following information regarding the name and trademark (hereafter "the mark"):

1.     When you say "Ms. Wolf commenced use" of the mark, do you mean Ms. Wolf personally or some other party or entity with which she has some affiliation? Hereafter reference to "Ms. Wolf" is intended to refer to Ms. Wolf or or some other party or entity with which she has some affiliation.

2.     When did Ms. Wolf first commence use of the mark?

3.     When you say Ms. Wolf "commenced use" of the mark, do you mean bona fide use in the ordinary course of trade?

4.     Where (geographically) did Ms. Wolf first use the mark?

5.     How did Ms. Wolf first use the mark?

6.     How often has Ms. Wolf used the mark?

7.      Did Ms. Wolf use the mark in relation to goods and if so in relation to what goods was the mark used?

8.      Did Ms. Wolf use the mark in relation to services and if so in relation to what services goods was the mark used?

9.      Did Ms. Wolf engage engage in any promotional activities for the goods or services for which the mark was used and, if so, describe the nature, frequency and location of the promotion?

10.     Did the purchasing public ever have any opportunities to buy any product related to the mark?  If so describe the opportunities and the products related to the mark?

11.     Where did the mark appear on the products related to the mark?

Please provide responses to the foregoing by June 13, 2016.  Thank you in advance for doing so."

Neither Mr. Alex nor anyone else provided us with any further communication prior to your involvement.

Liv-IT!'s common law claim is ineligible for an award of attorney fees.  While a registered trademark can enforce the trademark in all U.S. states, sue for damages (including lost profits) and, significantly, recover attorneys' fees and costs incurred in protecting the trademark against infringement, a putative common law trademark owner that registers in a state, can enforce the trademark only in their geographic region and may not recover their attorney fees.

Attorneys' fees are available under the Lanham Act only in "exceptional" cases. 15 U.S.C. § 1117(a). An innocent sale of goods that are later discovered to have been counterfeit is not an "exceptional" case or "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.'" See SunEarth, Inc. v. Sun Earth Solar Power Co., 839 F.3d 1179, 1180 (9th Cir. 2016) (en banc).

If your client continues to refuse a reasonable settlement, then it will be they who have litigated the case in an unreasonable manner and, hence that factor will cut against any attorney fee claim they make.  If Liv-IT! persists in maintaining meritless claims, my clients will seek to recover their own attorneys' fees incurred in defense thereof. See e.g. 5 McCarthy on Trademarks and Unfair Competition § 30:94 (4th ed.). The foregoing facts expose Liv-IT and/or the Wolfs to the prospect of liability for an attorney fee award against them.

Compassion † Strength † Justice

Thank you in advance for your continued professionalism and consideration in this regard.

Best Professional Regards,
ABRAM & MEELL, P.A.

Gregory J. Meell

GJM/gjm

*Abram & Meell P.A.*

*Attorneys at Law*
*2020 North Central Avenue, Suite 690*
*Phoenix, Arizona 85004*
*Tel: 602-254-7041*
*Fax: 602-254-7540*

*Thomas L. Abram (ret.) Of Counsel*
*Gregory J. Meell, Esq.*
*Barbara Bayne, Legal Assistant*

*gmeell@abrammeell.com*
*bbayne@abrammeell.com*

May 7, 2017

<u>**Via E-mail**</u>
Kenneth M. Motolenich-Salas
Gallagher & Kennedy
2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016
ken.motolenich@gknet.com

     Re: <u>Liv-IT! LLC and FLP LLC</u>

Good afternoon Ken,

Thank you for your 1:42 a.m. email today, I believe my client would agree to the settlement terms in items (i) through (iii), and decline items (iv) in your 4:17 p.m. email on May 4th. My May 4th letter to asked, in part, that you …"please …provide us with any [Liv-IT!] related trademark registration documentation your client possesses." In response your May 4th email stated:

> "You asked about Liv-IT!'s trademark information. As you know by having read Liv-IT!'s complaint, Liv-IT! owns this trademark based on common law rights and prior use of the mark in interstate commerce, and that it has no federal registration due to the fact that your client falsely registered its mark (which it is also not using in interstate commerce."

While I do know from reading the Complaint that it alleges common law trademark protection, this does not necessarily mean your client does not possess any trademark registration documentation regarding what it believes to be its trademark. Please provide me with: (1) Any trademark registration documentation that you client possesses or of which they have knowledge in relation to what they believe to be their trademark; or (2). Confirmation that they do not possess any such registered trademark documentation or that they do not have any knowledge of such documentation. Thank you in advance for your continued professionalism and consideration in this regard.

     Best Professional Regards,
     ABRAM & MEELL, P.A.

     Gregory J. Meell

GJM/gjm

-----Original Message-----
From: Motolenich-Salas, Ken M. <ken.motolenich@gknet.com>
Sent: Sunday, May 7, 2017 11:42 AM
To: Greg Meell <gmeell@abrammeell.com>
Subject: FLP/Liv-IT

Greg,

We have received your letter. As you have not indicated acceptance of the settlement terms that I indicated were the minimum required by my clients, we understand that to be a rejection of the settlement offer. We look forward to receipt of your answer of a Monday.

Enjoy the rest of your weekend.
Thanks,
Ken
Sent from my iPhone


-----Original Message-----
From: Motolenich-Salas, Ken M. <ken.motolenich@gknet.com>
Sent: Wednesday, May 10, 2017 3:11 PM
To: Greg Meell <gmeell@abrammeell.com>
Subject: Re: FLP/Liv-IT

Subj. to Fed. R. Evid. 408

Hi, Greg. I have forwarded your settlement offer set forth in the attached letter you sent to me Sunday and will respond once I hear back from Liv-IT! LLC. As I indicated to you before, there is no registration owned by my client of the Liv-IT! trademark due to the inability to obtain such registration in the face of the false registration by your client of trademark reg. no. 5,053,019 and ser. no. 86/771,843 based on false statements of fact to the Trademark Office, including but no limited to material misrepresentations of (i) prior use or bona fide intent to use, (ii) use or bona fide intent to use on all the goods identified in the identification of goods in the applications, and (iii) no knowledge of Liv-IT!'s prior use.

Thank you.

Best Regards,
Ken
Subj. to Fed. R. Evid. 408

*Abram & Meell P.A.*

*Attorneys at Law*
*2020 North Central Avenue, Suite 690*
*Phoenix, Arizona 85004*
Tel: 602-254-7041
Fax: 602-254-7540

*Thomas L. Abram (ret.) Of Counsel*
*Gregory J. Meell, Esq.*
*Barbara Bayne, Legal Assistant*

gmeell@abrammeell.com
bbayne@abrammeell.com

May 11, 2017

Kenneth M. Motolenich-Salas
Gallagher & Kennedy
2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016
c/o ken.motolenich@gknet.com

     Re: Liv-IT! LLC and FLP LLC

Good afternoon Ken,

     Thank you for your 3:12 p.m. yesterday. At that time I was out of the office at the Arizona Mediation Institute in mediation which went from approximately 8:00 a.m. until just after 7:00 p.m. While I appreciate your email yesterday, I respectfully submit that it does provide a response to my inquiry in my May 7th letter.

     In pertinent part, your email yesterday states that there is no federal trademark registration owned by your client of the Liv-IT! trademark and then explains your client's position as to why that is so. These facts do not necessarily mean that you client never applied for a registered mark, made any written inquiries with the USPTO, or made any representations about a registered mark.

     My May 7th letter explained that your client's position on these topics does not address my request for confirmation about your client's knowledge and/or possession of documents related in any way to the issue of its activity regarding a federal trademark registration on the Liv-IT! mark (i.e. applications, correspondence with the USPTO, rejections by the USPTO, etc.).

     So, please: (1) Confirm whether your client has any knowledge of any trademark registration documentation regarding Liv-IT! seeking or being denied such a registration; (2) Confirm whether or not your client possesses any such documentation; (3) Provide us with accurate copies of the documentation, if any. Given that I have been seeking this since May 4th I ask that you provide it before the end of the business day tomorrow.

     Best Professional Regards,
     ABRAM & MEELL, P.A.

     Gregory J. Meell

GJM/gjm

# EXHIBIT 17

**From:** Greg Meell
**Sent:** Wednesday, October 4, 2017 4:31 PM
**To:** Motolenich-Salas, Ken M. <ken.motolenich@gknet.com>
**Subject:** RE: Documents
**Importance:** High

Good afternoon Ken,

   Attached to this email are 143 pages of FLP Invoices from March 22, 2016 through December 27, 2016 referencing the sale to Value Merchandisers of FLP Item Nos. 8411 through 8417 referenced on the September 2015 Ngbo Ayuann Purchase Order that we previously produced and disclosed.

   **These documents contain proprietary information.  In accord with our Protective Order the documents are for "Attorneys' Eyes Only".**

   I was told today that more invoices related to other buyers, and related documents, are being assembled for pick-up of the physical hard copies.  This was necessary, as opposed to emailing them, due to their volume.  It is my intention to have them picked up tomorrow morning.

   Thank you in advance for your professionalism and consideration on this matter.

Best Professional Regards,
Gregory J. Meell
Abram & Meell, PA
2020 North Central Avenue, Suite 690
Phoenix, AZ  85004
(T) 602-254-7041
(F) 602-254-7540


**From:** Greg Meell
**Sent:** Friday, October 6, 2017 5:01 PM
**To:** Motolenich-Salas, Ken M. <ken.motolenich@gknet.com>
**Subject:**

Ken,
   Attached to this email are FLP Invoice Part 1 with 2016 invoices of purchases of Livit Items 8411 through 8417 regarding Value Merchandisers and C&S Wholesale Grocers. More to follow.
   Thank you in advance for your professionalism and consideration on this matter.

Best Professional Regards,
Gregory J. Meell
Abram & Meell, PA
2020 North Central Avenue, Suite 690
Phoenix, AZ  85004

Ken,

   Here is part 2 of FLP 2016 invoices regarding sales of Livit Items 8411 through 8417.  More to follow.

Best Professional Regards,
Gregory J. Meell
Abram & Meell, PA
2020 North Central Avenue, Suite 690
Phoenix, AZ  85004
(T) 602-254-7041
(F) 602-254-7540

Ken,

   Attached here is Part 3 of 2016 Invoices regarding sales of Livit Items 8411 through 8417

   We believe that the attachments of Parts 1, 2, and 3 of 2016 invoices regading the sales of Livit Items 8411 through 8417 establish use and sales in interstate commerce.

Best Professional Regards,
Gregory J. Meell
Abram & Meell, PA
2020 North Central Avenue, Suite 690